LEE ET AL., APPELLANTS, *v.* GROSS LUMBER COMPANY ET AL., APPELLEES.

(No. 2397—Decided January 11, 1989.)

*Mark W. Baserman,* for appellants.

*Kevin J. Breen,* for appellees.

QUILLIN, J. Appellant, Beverly C. Lee, executrix of the estate of Barbara Appleman, appeals from the trial court's decision granting summary judgment in favor of appellee, Gross Lumber Company. Because there is no final appealable order, we dismiss the appeal.

Gross Lumber, through its agent, Jonas Weaver, contracted with Frank Garrett, a neighbor of Appleman, to cut and remove trees from Garrett's farm. A few weeks before the start of cutting, Weaver marked the property lines between the Appleman and Garrett farms. Later, Weaver and his son, Steven, reviewed the boundary. After the cutting had commenced, Gross Lumber employees went over the property line and cut sixty-one trees on Appleman's farm.

Appellant brought suit for the resulting damage, seeking compensatory damages, punitive damages, treble damages, and damages for emotional distress. The trial court granted Gross Lumber's motion for summary judgment as to all claims except the compensatory damages claim. The trial court's entry granting summary judgment also reaffirmed the trial date for the compensatory damages claim. Three days before the scheduled trial, Appleman filed a Civ. R. 41(A)(1)(a) notice of voluntary dismissal without prejudice of the compensatory damages count. Appellant now appeals only the granting of summary judgment on her treble damages claim.

Assignment of Error

"The trial court erred in granting

summary judgment as to the treble damages cause of action contained in plaintiff-appellant's complaint."

Before we address appellant's assignment of error, we must address appellee's argument that the appeal must be dismissed for lack of a final appealable order.

Appellee contends that appellant's voluntary dismissal of the compensatory damages claim does not render the trial court's order granting summary judgment on the other claims a final order because all claims have not been adjudicated.

Civ. R. 41(A)(1) provides:

"Subject to the provisions of Rule 23(E) and Rule 66, an *action* may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant * * *." (Emphasis added.)

Because Civ. R. 41(A) speaks of the dismissal of an action, the issue before us is whether Civ. R. 41(A) is applicable when the plaintiff seeks to voluntarily dismiss fewer than all the claims involved in an action. A number of cases and commentators have concluded that Civ. R. 41(A) does not apply in such circumstances and that a motion to dismiss a single claim of a multi-count complaint must be regarded as a motion to amend the complaint pursuant to Civ. R. 15(A). 5 Moore, Federal Practice (1988), Paragraph 41.06-1, at 41-82 to 41-84; *Gronholz* v. *Sears, Roebuck & Co.* (C.A. Fed. 1987), 836 F. 2d 515, 517.

In construing similar Fed. R. Civ. P. 41, the courts have noted that both Fed. R. Civ. P. 41(a)(1) and 41(a)(2), like Ohio Civ. R. 41(A)(1) and 41(A)(2), apply by their terms to the dismissal of an "action." In contrast, Civ. R. 41(B) applies to the dismissal of "an action or claim." *Smith, Kline & French*

*Laboratories* v. *A.H. Robins Co.* (E.D. Pa. 1973), 61 F.R.D. 24, 28. Although the notes of the Advisory Committee to both the Ohio and federal rules do not discuss the question, the federal courts have concluded that it is reasonable to assume that the drafters would have included similar language in Civ. R. 41(A) had they intended to have that provision cover dismissals by the plaintiff of fewer than all the claims against the defendant. *Id.* at 28.

Thus, because the rules make a clear distinction between a "claim" and an "action," there is no reason to assume that the reference to "dismissal of an action" in Civ. R. 41(A) includes dismissal of a separate claim which makes up the action. When dismissal of a separate claim is intended, as in Civ. R. 41(B), it is clearly provided for. *Id.* at 29; *Gronholz, supra,* at 518; *Exxon Corp.* v. *Maryland Cas. Co.* (C.A.5, 1979), 599 F. 2d 659, 662.

Therefore, an amendment of the complaint under Civ. R. 15(A) is technically the proper procedure to dismiss a single claim of a multi-count complaint, rather than voluntary dismissal under Civ. R. 41(A). 5 Moore, *supra,* at 41-84; *Management Investors* v. *United Mine Workers of America* (C.A.6, 1979), 610 F. 2d 384, 394.

Because Appleman's purported dismissal of the compensatory damages claim must be construed as an attempt to amend the complaint, the question that arises is whether the provisions of Civ. R. 15(A) were complied with. Civ. R. 15(A) provides:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. * * * Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *"

Appleman attempted to voluntarily dismiss (*i.e.,* amend) the claim after

54

defendant's answer had been filed but without leave of court or consent of the defendant. Civ. R. 15(A), however, directs that a party may amend the complaint after an answer has been filed only by leave of court or written consent of the adverse party. Accordingly, Appleman's notice of voluntary dismissal was ineffective to amend the complaint.

Because Civ. R. 41(A) is not applicable to the present case, and because Appleman did not properly amend the complaint to dismiss the compensatory damages claim, the trial court's order granting summary judgment on the other claims is not a final order from which an appeal can be taken. R.C. 2505.02.

Our decision today promotes the administration of justice by preventing litigants from circumventing Civ. R. 54(B), which restricts fragmented appeals.

Due to our holding that we do not have jurisdiction to consider the appeal, we do not address appellant's assignment of error, or the question relating to splitting a cause of action.

The appeal is dismissed.

*Appeal dismissed.*

BAIRD, P.J., and MAHONEY, J., concur.