RILEY, Appellant,

v.

MEDICAL COLLEGE OF OHIO HOSPITALS, Appellee.

[Cite as *Riley v. Med. College of Ohio Hosp.* (1992), 83 Ohio App.3d 139.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP-759.

Decided Oct. 8, 1992.

*Williams, Jilek, Lafferty & Gallagher* and *Martin W. Williams,* for appellant.

*Lee Fisher,* Attorney General, *Michael W. Gleespan* and *Teri Jo Ravetto,* Assistant Attorneys General, for appellee.

JOHN C. YOUNG, Presiding Judge.

This matter is before this court upon the appeal of Audrey Riley etc., appellant, from a judgment of the Ohio Court of Claims in favor of appellee, Medical College of Ohio Hospitals. The underlying facts are as follows: Appellant's decedent was

injured in an automobile accident on January 12, 1987 and was taken to Mercy Hospital, Monroe Michigan. After undergoing surgery at Mercy Hospital, he was transferred to the Medical College of Ohio Hospitals for further surgery. Appellant's decedent died shortly thereafter. Appellant filed a lawsuit in the Federal District Court, Eastern Michigan, Southern Division, against the Medical College of Ohio Hospitals Toledo Foundation. Since appellant discovered that this entity was a fundraising body, and thus not affiliated with the appellee, this action was dismissed without prejudice by court order upon the stipulation of the parties. Thereafter, on March 21, 1988, appellant filed a wrongful death action in the Ohio Court of Claims against the appellee. Appellant filed a notice of dismissal, which was effective on January 24, 1991. However, appellant refiled the action against the appellee in the Court of Claims on January 13, 1992. Appellee subsequently filed a Civ.R. 12(B)(6) motion to dismiss, asserting that the action was barred pursuant to the "double dismissal" rule of Civ.R. 41(A)(1). The Court of Claims granted appellee's motion and this appeal ensued. The appellant now asserts the following sole assignment of error:

"The Court of Claims erred in holding that the 'double dismissal' rule of Civil Rule 41(A)(1) precluded the Plaintiff–Appellant from maintaining the present action."

It is appellant's contention that the Court of Claims erred in applying the "double dismissal" rule of Civ.R. 41(A) to the facts at bar since the dismissal in the federal court was accomplished by a court order pursuant to the stipulation of the parties, and was not unilaterally effectuated by the appellant. Furthermore, appellant contends that appellee herein was not a party to the federal action and, thus, the federal court did not have jurisdiction over the Medical College of Ohio Hospitals.

Appellee argues that appellant never raised these arguments before the Court of Claims and, thus, is precluded from raising these arguments for the first time on appeal. Moreover, there is no evidence before this court that the defendant in the federal action is different from the named defendant in both of the actions filed in the Court of Claims.

Civ.R. 41(A)(1) provides:

" * * * Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal

operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim."

Civ.R. 41(A)(1) was enacted to restrict a plaintiff to one dismissal, thus preventing an unfair use of the dismissal privilege by the plaintiff in a particular action. However, the issue before this court is whether the previous dismissal, pursuant to the federal court's order upon the stipulation of the parties in that action, constitutes an adjudication upon the merits, thus precluding the plaintiff from obtaining any subsequent unilateral dismissals without prejudice.

Upon a literal interpretation of the wording of Civ.R. 41(A)(1), for a notice of dismissal to operate as an adjudication upon the merits, both dismissals must have been a voluntary action made solely by the appellant. See McCormac, Ohio Civil Rules Practice (2 Ed.1992) 318, Section 13.03.

Thus, as applied to the facts of the case herein, a dismissal pursuant to court order or by stipulation of the parties is not a dismissal made solely by the appellant, since some other action is required by the defending party or the court to effectuate the dismissal. Since the previous dismissal in the federal court was made pursuant to the order of that court based upon the stipulation of both parties, it is evident that that dismissal required the participation of others and was not made by appellant alone. Furthermore, a review of appellant's "Memorandum In Opposition To Defendant's Motion To Dismiss" demonstrates that appellant adequately raised her legal arguments before the trial court contending that the dismissal, as purported by appellee, was procedural error.

Accordingly, appellant's sole assignment of error is well taken and sustained. The judgment of the Ohio Court of Claims is reversed and this cause is remanded for further proceedings consistent with law and this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE and TYACK, JJ., concur.