DALTON, Appellant,

v.

WEARSH et al., Appellees.

[Cite as *Dalton v. Wearsh* (1995), 102 Ohio App.3d 491.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 94CA005946.

Decided April 12, 1995.

*Paul Mancino*, for appellant.

*John S. Hayes*, for appellees.

QUILLIN, Presiding Judge.

John Dalton appeals from the order of the Lorain County Court of Common Pleas denying his motion to dismiss Timothy McCraw and F & G Welding without prejudice as defendants to his personal injury claim and entering judgment in favor of McCraw and F & G Welding against Dalton. We affirm.

Dalton filed a complaint in the Lorain County Court of Common Pleas which alleged that he was injured as a passenger in an automobile. Dalton named Cheryl Wearsh, Timothy McCraw, and F & G Welding as defendants in his complaint.

The matter was set for arbitration in accordance with the local rules. An arbitration report and award was filed, wherein the arbitration panel ruled in favor of Dalton's claim against Wearsh in the amount of $20,000 and against Dalton with respect to his claims against McCraw and F & G Welding. Dalton moved the court for permission to voluntarily dismiss Timothy McCraw and F & G Welding from the action without prejudice. The court journalized the arbitration panel's award and denied Dalton's motion to dismiss McCraw and F & G Welding. Dalton moved for relief from judgment, which the trial court denied. Dalton appeals, asserting three assignments of error.

Assignments of Error

"I. The court committed prejudicial error in overruling the motion to vacate so far as it sought a dismissal without prejudice as to the defendants Timothy McCraw and F & G Welding.

"II. The court committed prejudicial error in relying upon a conflicting local rule of court to deprive the defendant of his right to dismiss without prejudice guaranteed by Rule 41 of the Ohio Rules of Civil Procedure.

"III. The court committed prejudicial error in entering a judgment in favor of parties who had been dismissed, which action was a nullity."

Dalton argues that Civ.R. 41(A)(1) provided him an absolute right to dismiss McCraw and F & G Welding at any time prior to trial and that it was error for the trial court to refuse his motion for voluntary dismissal. The trial court held that, absent an appeal to the common pleas court being filed by one of the parties, the arbitration report and award had the legal effect of a final verdict under Loc.R. 20(F)(3) and that Dalton would have first had to file an appeal of the arbitration award before dismissing McCraw and F & G Welding. While we do not agree with the trial court's legal analysis in arriving at its decision, we believe nonetheless that the court reached the correct decision and we must affirm accordingly. See *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174–175.

Civ.R. 41(A)(1) states in pertinent part:

"Subject to the provisions of Rule 23(E) and Rule 66, an *action* may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant * * *." (Emphasis added.)

After the arbitration panel issued its report and award, Dalton sought to dismiss McCraw and F & G Welding as parties to the action, and to retain that portion of the arbitration report which established an award in his favor against Wearsh. Because Dalton did not attempt to dismiss the action, but only two of the three defendants named in the action, it was not error for the trial court to deny Dalton's motion to dismiss. Compare *Lee v. Gross Lumber Co.* (1989), 57 Ohio App.3d 52, 566 N.E.2d 696.

Dismissal of a party or parties, as opposed to the entire action, is provided for under Civ.R. 21, which states that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." In light of the fact that Dalton sought to discharge only those parties against whom he failed to receive a favorable arbitration award, while attempting to maintain his favorable award against

Wearsh, we do not believe that the trial court was provided with just terms to allow the dismissal of McCraw and F & G Welding from Dalton's action without prejudice to Dalton. Dalton should not be allowed use mandatory arbitration to pick and choose those portions of an arbitration award with which he agrees and to sever and relitigate those portions of the arbitration award with which he disagrees. Accordingly, we overrule Dalton's assignments of error and affirm the trial court's order.

*Judgment affirmed.*

REECE and SLABY, JJ., concur.