**98–2065.   State v. Whatley.**
Summit App. No. 19194.   On motion for leave to file delayed appeal.   Motion denied.
   MOYER, C.J., and PFEIFER, J., dissent.

**98–2071.   State v. Miller.**
Franklin App. No. 97APA07–879.   On motion for leave to file delayed appeal.   Motion denied.
   PFEIFER, J., dissents.

**98–2072.   State v. Laird.**
Stark App. No. 1997CA00211.   On motion for leave to file delayed appeal.   Motion denied.
   LUNDBERG STRATTON, J., dissents.

**98–2077.   State v. Wooden.**
Summit App. No. 15548.   On motion for leave to file delayed appeal.   Motion denied.

**98–2091.   Nuss v. Hand–Craft Cleaners.**
Summit App. No. 18850.   On review of order certifying a conflict.   The court determines that a conflict exists; *sua sponte,* cause held for the decision in *Denham v. New Carlisle,* Clark App. No. 98CA19; briefing schedule stayed.

   DOUGLAS, J., determines that a conflict exists but would not hold this cause for *Denham v. New Carlisle.*

**98–2099.   State v. Styles.**
Cuyahoga App. No. 71052.   On motion for leave to file delayed appeal.   Motion denied.

**98–2144.   State v. Weitbrecht.**
Holmes App. No. 97CA588.   On review of order certifying a conflict.   The court determines that a conflict exists; the parties are to brief the issue stated in the court of appeals' Judgment Entry filed September 15, 1998:

"This matter is before this court upon appellant's motion to certify a conflict.   Certification is urged for the reason the judgment entered in this case on July 31, 1998 is in conflict with judgments entered by the Eleventh District Court of Appeals in *State v. Stanford* ( [Sept. 23], 1996), Trumbull App. No. 95–T–5358, unreported [1996 WL 537856], and by the Twelfth District Court of Appeals in *State v. Garland* (December 16, 1996), Fayette App. No. CA96–05–011, unreported [1996 WL 723715].
   " * * *

"Upon review, we find certification to the Supreme Court of Ohio is warranted.   We hereby certify the following question:

"Does Ohio's involuntary manslaughter statute [R.C. 2903.04(B) ] as applied to a minor misdemeanor traffic offense which results in a vehicular homicide violate the Eighth Amendment to the United States Constitution and Section 9, Article [I] of the Ohio Constitution."

   PFEIFER, J., dissents.

# DISCRETIONARY APPEALS ALLOWED

**98–1624.   Witherspoon v. Allstate Ins. Co.**
Richland App. No. 97CA114.
   MOYER, C.J., would allow on Propositions of Law Nos. I and II only.
   COOK and LUNDBERG STRATTON, JJ., dissent.