Appellant Rosemarie Azar has attempted to appeal from the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of appellee Ohio Edison Co. We dismiss the appeal because the order from which Azar appealed is not a final, appealable order.
Azar was an employee of Ohio Edison for thirty-three years. She left her employment with Ohio Edison in September 1995, after receiving unfavorable performance evaluations. On January 22, 1996, Azar filed a complaint in the Summit County Court of Common Pleas, naming Ohio Edison, Shawn Gehring (Azar's former supervisor), and Elizabeth Thorla (Gehring's assistant) as defendants. Azar's complaint alleged age discrimination and retaliatory discharge. The defendants moved for summary judgment, and Azar responded in opposition to the motion. Azar's complaint was then amended on August 12, 1997; Gehring and Thorla were still named as defendants. Azar then filed a notice of voluntary dismissal, stating that Gehring and Thorla were dismissed without prejudice pursuant to Civ.R. 41(A)(1)(a). On May 28, 1998, the trial court granted summary judgment in favor of Ohio Edison. Azar timely filed a notice of appeal to this court.
Civ.R. 41(A)(1) reads in part: "[A]n action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial[.]" (Emphasis added.) This court has already held that Civ.R. 41(A)(1) can only be used to dismiss an entire action, and not to dismiss less than all claims or to dismiss less than all defendants. See Dalton v. Wearsh (1995), 102 Ohio App.3d 491;Lee v. Gross Lumber Co. (1989), 57 Ohio App.3d 52.[1] Where a party has attempted to use Civ.R. 41(A)(1) to dismiss less than all of the action, the resulting order of the trial court is not a final, appealable order.
In the present appeal, Azar attempted to dismiss less than the entire action by means of a Civ.R. 41(A)(1)(a) notice of dismissal without prejudice. Civ.R. 41(A)(1)(a) may not be used in this fashion; therefore, the claims against Gehring and Thorla remain pending. Because less than all claims have been resolved against all parties, and no Civ.R. 54(B) language appears in the trial court's order, the order granting summary judgment in favor of Ohio Edison is not a final, appealable order. This court does not have jurisdiction to hear the instant appeal. Accordingly, the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 -------------------- EDWARD J. MAHONEY FOR THE COURT
SLABY, P. J., CACIOPPO, J., CONCUR
[1] This issue has been taken up by the Ohio Supreme Court. SeeDenham v. New Carlisle (1998), 83 Ohio St.3d 1473; see, also,Nuss v. Hand-Craft Cleaners (1998), 84 Ohio St.3d 1410.