[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
This appeal is taken by plaintiffs-appellants Richard and Betty Woessner from a judgment of the Court of Common Pleas of Allen County granting summary judgment to the defendant-appellee Ann E. Jacobs on the issues of Worker's Compensation and appellants withdrawal of P.E.R.S. contributions.
On June 28, 1993, Richard Woessner was injured in an automobile accident during the course of his employment with the City of Lima. Appellants sought legal representation from Appellee and the parties signed a retainer agreement authorizing Appellee to pursue recovery from the tortfeasor for Richard's damages resulting from the accident. In either late November or early December 1993, Richard returned to work, but retired shortly thereafter.
In June 1994, Appellants decided to alleviate their financial problems by withdrawing Richard's P.E.R.S. contributions. Appellants did not request Appellee's advice about this matter or before reaching their decision. However, Appellants did tell Appellee what they intended to do. On April 26, 1995, Appellants discharged Appellee as their counsel, claiming that Appellee was taking too long to achieve a settlement in the accident case. On April 25, 1996, Appellants filed a complaint against Appellee alleging that she breached her duty of representation by failing to properly pursue the personal injury claim, by failing to properly advise Appellants concerning Worker's Compensation benefits, and by failing to properly advise Appellants about the effects of withdrawing the P.E.R.S. contributions at that time. Appellee filed her answer on July 23, 1996. On April 1, 1998, Appellee filed a motion for summary judgment. On May 29, 1998, the trial court granted the motion for summary judgment dismissing only Appellants' claims of malpractice concerning the Worker's Compensation claim and the withdrawal of the P.E.R.S. contributions. On July 17, 1998, the parties agreed to dismiss all remaining claims without prejudice.
Appellants make the following assignment of error:
 The trial court erred by partially granting Appellee's motion for summary judgment and dismissing the Appellants causes of action.
When reviewing the ruling on a motion for summary judgment, an appellate court reviews the judgment independently and does not defer to the trial court. Midwest Specialties, Inc. v. FirestoneTire Rubber Co. (1988), 42 Ohio App.3d 6, 536 N.E.2d 411. Civ.R. 56(C) sets forth the standard for granting summary judgment. Summary judgment is appropriate when the following have been established: 1) that there is no genuine issue as to any material fact; 2) that the moving party is entitled to judgment as a matter of law; and 3) that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. Bostic v. Connor (1988), 37 Ohio St.3d 144,524 N.E.2d 881.
Generally, a grant of summary judgment that only disposes of part of the claims is not a final, appealable order and cannot be made final by the dismissal of the remaining claims. Lee v. GrossLumber Co. (1989), 57 Ohio App.3d 52, 566 N.E.2d 696. "[A]n amendment of the complaint under Civ.R. 15(A) is technically the proper procedure to dismiss a single claim of a multi-count complaint, rather than voluntary dismissal under Civ.R. 41(A)."Id. at 53, 566 N.E.2d at 697. Civ.R. 15(A) provides in part:
 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party.
In this case, Appellants sought to remove from consideration the malpractice claim on the personal injury issue, thus converting the summary judgment to a final appealable order. This withdrawal of issues was done by stipulation and agreement of the adverse party as if by amendment. Therefore, all issues in the case having been determined, the judgment is final. Thus the issue of whether Appellee owed Appellants a professional duty concerning the Worker's Compensation claims and the P.E.R.S. withdrawal may be reviewed.
In this case, the trial court reviewed the written retainer agreement and the depositions of the parties submitted in support of Appellee's motion for summary judgment. Richard testified in his deposition that he never discussed the Worker's Compensation claims with any attorney, including Appellee. The retainer contract does not provide that Appellee is responsible for handling the Worker's Compensation claims. There is no other evidence that Appellee undertook any duty concerning the Worker's Compensation benefits. Moreover, Appellants do not argue on appeal that any such duty existed and concede that Appellee was not negligent regarding the Worker's Compensation claim. Thus, the trial court's judgment must be affirmed on this issue.
On the issue of the withdrawal of the P.E.R.S. contributions, Appellants claim that Appellee owed a duty to provide them with financial advice based upon her acceptance of their representation for the personal injury claim. In support of this position, Appellants submit the affidavit of another attorney stating that Appellee should have given them financial advice generally. However, the written contract between the parties states in part as follows:
 I, Richard Woessner, the undersigned do hereby employ and retain Ann E. Jacobs, Attorney at Law, to render legal services on behalf of myself against any and all persons, firms, or corporations liable in damages or injuries and other claims sustained by me on or about June 28, 1993, as a result of an automobile accident.
The contract provides only for representation in the personal injury case. It does not provide that Appellee will be a financial consultant for Appellants. Additionally, no evidence was presented that this contract was later modified to include this service, and additional, unwritten terms may not be shown by parol.
Richard testified that he had decided to retire early and that he personally had contacted the State for an application for withdrawal. He also testified that he did not discuss this decision with Appellee. The only conversation he recalled having with Appellee concerning the P.E.R.S. withdrawal was during a meeting when Appellants informed Appellee of the decision to withdraw the funds to pay bills. According to Richard's testimony, Appellee's sole response was to say, "You got to do what you got to do." Deposition 82. Although Richard claims that he expected Appellee to give him advice on alternatives to withdrawing the P.E.R.S. contributions, at no time did Appellants ask Appellee for advice on the matter nor did they ask her what the legal consequences would be. The withdrawal form that Richard signed clearly stated that by withdrawing the funds, he would be denied all retirement benefits. Appellee had no involvement in the decision and Appellants did not ask for her assistance. The mere mention of their financial difficulties and telling Appellee of their intentions at a meeting to discuss the denial of the disability benefits does not amend the written contract. Thus, as a matter of law Appellee owed Appellants no duty to give legal advice on the withdrawal of the P.E.R.S. contributions. The assignment of error is overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
 KOEHLER and KERNS, JJ., concur.
(KOEHLER, J., of the Twelfth District Court of Appeals sitting by assignment in the Third Appellate District.)
(KERNS, J., retired, of the Second Appellate District Court of Appeals sitting by assignment in the Third Appellate District.)