DECISION AND JOURNAL ENTRY
Appellant Sherri Ridgill appeals two separate judgments of the Summit County Court of Common Pleas rendered in her action against Little Forest Medical Center. Specifically, the trial court granted summary judgment as to Ridgill's claims for breach of contract, promissory estoppel, intentional infliction of emotional distress, and retaliatory discharge. The trial court also sua sponte dismissed with prejudice her remaining claims of a racially hostile work environment and disparate treatment upon her notice of voluntary dismissal. This Court reverses in part, and affirms in part.
Ridgill first initiated her action against Little Forest Medical Center in the United States District Court, Northern District of Ohio. On March 20, 1997, the federal court dismissed Ridgill's case without prejudice so that she could file her action in state court. The federal court granted the dismissal without prejudice pursuant to Fed.R.Civ.P. 41(A)(2).
Ridgill filed her action against Little Forest Medical Center in the Summit County Court of Common Pleas. Upon the motion of appellees, on February 26, 1999, the trial court granted summary judgment as to the claims of retaliatory discharge, breach of contract, promissory estoppel, and intentional infliction of emotional distress.
The remaining claims of a racially hostile work environment and disparate treatment were voluntarily dismissed without prejudice by Ridgill pursuant to a notice filed under Civ.R. 41 (A)(1) on March 1, 1999. Thereafter, on March 9, 1999, the trial court sua sponte issued an order dismissing Ridgill's remaining claims with prejudice.
Ridgill timely appeals the partial grant of summary judgment and order of dismissal with prejudice entered by the trial court, assigning three errors.
 ASSIGNMENT OF ERROR I THE LOWER COURT ERRED IN DISMISSING THIS CASE WITH PREJUDICE UNDER RULE 41(A)(1)'S [sic] TWO-DISMISSAL RULE.
 In her first assignment of error, Ridgill argues that the trial court improperly applied the two-dismissal rule of Civ.R. 41(A)(1) against her one notice of voluntary dismissal. This Court agrees.
The so-called "two-dismissal" rule is set forth in Civ.R. 41(A)(1), which provides:
 (1) By plaintiff; by stipulation. Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, and action based on or including the same claim. (Emphasis added.)
 "Upon a literal interpretation of the wording of Civ.R. 41(A)(1), for a notice of dismissal to operate as an adjudication upon the merits, both dismissals must have been a voluntary action made solely by the appellant." Riley v. Med. College of Ohio Hosp. (1992), 83 Ohio App.3d 139, 141, citing McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 318, Section 13.03. See, also, Graham v. Pavarini (1983), 9 Ohio App.3d 89, 94.
This Court has previously followed the rationale of the Riley
court and strictly construed voluntary dismissals entered by the court as not counting against the two-dismissal rule contained in Civ.R. 41(A):
 [Civ.R. 41] affords a plaintiff a single opportunity to withdraw the case from consideration simply by filing notice. Such a dismissal is effected without action on the part of the court and generally without the consent of the opposing party. It is also apparent that a second such filing operates as an adjudication on the merits barring further suits on the same claim. The inquiry in applying the double dismissal rule, then, is not whether both dismissals were voluntary but whether both dismissals were under Civ.R. 41(A)(1). (Emphasis added.)
 Bowen v. Tony Perry Chevrolet (Aug. 16, 1995), Medina App. No. 2415-M, unreported. See, also, Logsdon v. Nichols
(1995), 72 Ohio St.3d 124, 126.
In the instant case, the first dismissal of Ridgill's action occurred in federal court. On March 20, 1997, the federal court issued an order dismissing Ridgill's action without prejudice pursuant to Fed.R.Civ.P. 41(A)(2). Thereafter, Ridgill filed her action in the Summit County Court of Common Pleas. After the trial court granted summary judgment as to four of Ridgill's six claims, Ridgill filed a notice of dismissal. This latter dismissal was the only dismissal voluntarily taken and solely made by Ridgill, and, therefore, is the only dismissal that could be viewed as a voluntary notice dismissal under Civ.R. 41(A). As such, the trial court incorrectly dismissed Ridgill's action with prejudice under the two-dismissal rule set forth in Civ.R. 41.[1]
In a case with facts nearly identical to the case at bar, the Tenth District Court of Appeals concluded that the two-dismissal rule did not apply upon one voluntary dismissal by a federal court and one voluntary notice dismissal undertaken solely by a plaintiff in state court. Riley, supra, at 141. This Court agrees with the Riley court, and concludes that the two-dismissal rule only applies to bar actions where both dismissals were a voluntary action made solely by the plaintiff. Civ.R. 41(A). Voluntary dismissals made by the court do not implicate the two-dismissal rule. See Civ.R. 41(B).
Here, the trial court erred when it applied the two-dismissal rule upon Ridgill's action that was once dismissed by the federal court and once dismissed voluntarily by Ridgill by notice. Accordingly, Ridgill's first assignment of error is sustained, and the trial court's sua sponte order of March 9, 1999, dismissing Ridgill's remaining claims of a racially hostile work environment and disparate treatment with prejudice is reversed.
 ASSIGNMENT OF ERROR II THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM OF RETALIATION UNDER OHIO REVISED CODE CHAPTER 4112.
 In her second assignment of error, Ridgill argues the trial court erred when it granted summary judgment on her claim of retaliatory discharge.[2] This Court agrees.
Because only legal questions are involved, an appellate court will not afford a trial court any special deference when reviewing an entry of summary judgment. Klingshirn v. Westview ConcreteCorp. (1996), 113 Ohio App.3d 178, 180. Rather, the appellate court will apply the same standard used by the trial court,Klingshirn, supra, at 180, citing Perkins v. Lavin (1994),98 Ohio App.3d 378, 381, and will review the matter de novo. Id. at 180, citing Tyler v. Kelley (1994), 98 Ohio App.3d 444, 446.
Civ.R. 56(C) provides that summary judgment may be granted only when a court is satisfied that there is no genuine issue as to any material facts, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion that, even viewing the evidence most strongly in favor of the nonmoving party, is adverse to the nonmoving party. State ex rel. Leigh v. State Emp. Relations (1996),76 Ohio St.3d 143, 144. The substantive law involved controls which facts are considered material; those factual disputes that have the potential to affect the outcome of a lawsuit are material and would preclude summary judgment, while factual disputes that cannot affect the outcome are deemed irrelevant and will not affect summary judgment. Orndorff v. Aldi, Inc. (1996), 115 Ohio App.3d 632,635, citing Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248,91 L.Ed.2d 202, 211.
This Court has previously noted:
 A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. As a result, a moving party is entitled to judgment as a matter of law where the nonmoving party failed to come forth with evidence of specific facts on an essential element of the case with respect to which he has the burden of proof.
 Black v. Cosentino (1996), 117 Ohio App.3d 40, 43 citing Celotex Corp. v. Catrett (1986), 477 U.S. 317, 323, 91 L.Ed.2d 265, 273. The Ohio Supreme Court has explained the burden allocation involved for moving and nonmoving parties:
 [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. (Emphasis deleted.)
Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
This Court has previously set forth the standard that must be met by a preponderance of the evidence to prevail upon a claim of retaliatory discharge: (1) plaintiff was a member of a protected class; (2) plaintiff's protected status was known to the defendant; (3) defendant took an employment action adverse to plaintiff and the stated reasons for the action were not the true retaliatory reason; and (4) there was a causal connection between the protected activity and the adverse employment action. Rudy v.Loral Defense Sys. (1993), 85 Ohio App.3d 148, 155. "In order to rebut a prima facie case of retaliatory discrimination, an employer must show some `legitimate, nondiscriminatory reason' for its action." (Citations omitted.) Id.
Though in her complaint Ridgill erroneously contends that defendant Don Petrony discharged her, the evidence shows that it was Interim Administrator Edward Fabian who terminated Ridgill's employment. In his deposition, Fabian testified that he discharged Ridgill for the sole reason that he learned Ridgill and another employee had apparently urged a patient to lie that Supervisor Don Petrony had abused her. Fabian also testified that he was unaware of Ridgill's race and was unaware of any complaints made by Ridgill alleging that Supervisor Don Petrony used racial slurs against her, and that Petrony denied her equal treatment at the time Fabian decided, in his own mind, to discharge Ridgill.
However, Fabian's deposition testimony as to when he decided in his own mind to discharge Ridgill is not dispositive of Ridgill's retaliatory discharge claim. The record reveals that before Ridgill was actually discharged, Ridgill's alleged harasser, Supervisor Don Petrony, had advised Fabian of Ridgill's previous allegations of racial harassment, that Ridgill had threatened lawsuits and NAACP involvement, and that Fabian's predecessor had taken no action because he did not want any trouble with Ridgill. Only after Petrony had spoken with Fabian was Ridgill actually discharged. Petrony's interaction with Fabian tainted the decision-making process as to Ridgill's termination, and created a genuine issue of material fact that cannot be circumvented by Fabian's subjective (and potentially self-serving) recollections.
Based on the foregoing evidence, Ridgill has demonstrated a prima facie case that she was a member of a protected class; that her protected class was known to the defendants; that defendants discharged her; and that defendants discharged her in retaliation for her complaints of racial harassment. See Rudy, supra. As to each of these foregoing prongs Ridgill has presented a genuine issue of material fact that must be resolved by the ultimate trier of fact. Therefore, the trial court's grant of summary judgment over this claim was improper.
Ridgill's second assignment of error is sustained.
 ASSIGNMENT OF ERROR III THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT ON PLAINTIFF'S BREACH OF CONTRACT CLAIM.
 In her third assignment of error, Ridgill argues that Little Forest Medical Center is in breach of contract for her termination. Specifically, Ridgill claims her employee handbook created an employee contract. This Court disagrees.
As a general matter an employment relationship is terminable at the will of either party unless expressly stated otherwise.Henkel v. Educational Research Council of Am. (1976), 45 Ohio St.2d 249,255, citing Forrer v. Sears, Roebuck Co. (1967),36 Wis.2d 388, 393. However, the employment-at-will doctrine is the subject of two exceptions: (1) the existence of an implied or express contract which alter the terms of discharge; and (2) the existence of promissory estoppel where representations or promises were made to an employee. Mers v. Dispatch Printing Co. (1985),19 Ohio St.3d 100, 104-105.
Generally, employee handbooks do not constitute an employmentcontract. Rudy, supra, at 152. Evidence of an employee handbookmay be considered toward the question of whether an impliedcontract exists, but its presence alone is not dispositive of thequestion. Wright v. Honda of Am. Mfg., Inc. (1995), 73 Ohio St.3d 571,574-575.
Here Ridgill had an employee handbook that specifically disclaimed any attempt to create a contractual relationship:
 This manual is not an employment contract, expressed or implied. Little Forest Medical Center employees are employees at-will and either the employee or Little Forest can terminate the employment relationship at any time * * *.
 Immediately above the signature line connoting an employee's receipt of the Little Forest employee handbook was another disclaimer that the handbook was not an employment contract.
In a case similar to the case at bar, the Ohio Supreme Court looked to the actual language used in the employee handbook in resolving whether it constituted an employment contract. Karnesv. Doctors Hospital (1990), 51 Ohio St.3d 139, 141. In Karnes,
the Ohio Supreme Court determined that an employee handbook that expressly disclaimed any employment contract could not be characterized as an employment contract. Id. See, also, Rudy,supra, at 152 ("Rudy points to no specific promises, and we can find none, in the employee manuals that evidence an implied contract for a definite term.").
Ridgill claims in her brief that a provision in the employeehandbook that creates a sixty-day probationary period for newemployees creates a question of fact as to whether employeesbeyond sixty days enjoyed an employment contract. This claim iswithout merit. "The existence of a mere scintilla of evidence insupport of a plaintiff's position is insufficient to survive amotion for summary judgment." Rudy, supra, at 151, citing
Anderson, 477 U.S. at 242, 91 L.Ed.2d at 211-214. Merely providing employees with some direction as to the likely sanction for various types of malfeasance does not operate to bind the employer to its employee in an express or implied contract.
Having reviewed the facts and circumstances of the employment-at-will relationship in this case, this Court concludes that Ridgill failed to raise a factual issue of whether her at-will employment was altered into an implied contract. Therefore, the trial court properly granted summary judgment on Ridgill's breach of contract claim.
Ridgill's third assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P.J., WHITMORE, J., CONCUR.
[1] In their brief the appellees rely upon Lee v. GrossLumber Company (1989), 57 Ohio App.3d 52, to advance the proposition that Ridgill's notice dismissal was ineffective, and, therefore, the trial court's dismissal was valid for want of prosecution. Specifically, Lee stated that a notice dismissal under Civ.R. 41(A)(1) must apply to an entire action and not just individual claims or else the notice was ineffectual. Id. at 53. However, this Court's interpretation of Civ.R. 41(A) in Lee has been constructively overruled by the recent decision of the Ohio Supreme Court in Denham v. New Carlisle (1999), 86 Ohio St.3d 594. In Denham, the Ohio Supreme Court concluded that a Civ.R. 41(A) voluntary dismissal was effectual where the plaintiff dismissed all the remaining defendants in their action after a partial grant of summary judgment. Id. at 597. See, also, Azar v. Ohio EdisonCompany (Jan. 20, 1999), Summit App. No. 191610, unreported, at fn. 1 (recognizing that the question over the proper scope and application of Civ.R. 41(A) was taken up by the Ohio Supreme Court, but not yet resolved, by Denham v. New Carlisle (1998),83 Ohio St.3d 1473). Likewise, in the instant case, Ridgill dismissed all of her remaining claims after a partial grant of summary judgment. Accordingly, this Court finds Ridgill's Civ.R. 41(A) notice of voluntary dismissal to be effectual and meritorious of substantive review. See Denham, 86 Ohio St.3d 594.
[2] Ridgill claims that the trial court improperly characterized her claim as a "retaliatory discharge" instead of the broader claim of retaliation. A careful review of Ridgill's complaint reveals that the first cause of action alleged a general violation of R.C. 4112 that did not specify the scope of the cause of action. Considering that the caption of Ridgill's claim singularly states, "FIRST CAUSE OF ACTION," and that the predicate facts set forth in the complaint refer to retaliation only as it relates to the discharge of Ridgill, this Court concludes that the claim was properly viewed by the trial court as one for retaliatory discharge.