JOURNAL ENTRY AND OPINION
Mary and Angelo Bertolone appeal from a judgment of the common pleas court granting partial summary judgment in favor of Cleveland Clinic Foundation following the Bertolones' second voluntary dismissal of their negligence claim against the Clinic. On appeal, the Bertolones urge the court erred in granting partial summary judgment because the statute of limitations had not expired.
However, after carefully examining the record in this case, we have concluded that this appeal is moot and therefore, is dismissed.
The scant record before us reveals that Mary Bertolone had received treatment at the Clinic as an inpatient in February, March, May, June, July, and December of 1995. The Bertolones filed a lawsuit on January 15, 1997, against the Clinic alleging that due to the negligent care and supervision by Clinic personnel, Mary fell on May 25, 1995 and on February 17, 1996. However, on June 4, 1998, the Bertolones voluntarily dismissed the action without prejudice.
On June 30, 1999, the Bertolones refiled their complaint against the Clinic, again alleging negligent care and supervision. Subsequently, on March 5, 1998, the Clinic moved for partial summary judgment on the grounds that the claim, based upon the May 25, 1995 fall, had been barred by the statute of limitations. Thereafter, the Bertolones responded, and on June 7, 1999, the court granted partial summary judgment in favor of the Clinic. Then, on October 5, 1999, the Bertolones again voluntarily dismissed their claim, with prejudice. On October 28, 1999, they filed a notice of appeal, addressing the court's grant of partial summary judgment, and set forth the following assignment of error for our review:
 GENUINE ISSUES OF MATERIAL FACT REMAIN AS TO WHEN THE THE [sic] APPLICABLE STATUTE OF LIMITATIONS FOR THIS MEDICAL MALPRACTICE CASE BEGAN TO RUN.
The Bertolones urge the court erred in granting partial summary judgment because the statute of limitations did not begin to run until the relationship between Mary and the Clinic ended. The Clinic, however, asserts the court properly granted partial summary judgment because the statute of limitations began to run on the day Mary fell, and therefore, the Bertolones brought their claim beyond the one year permitted by statute.
We are confronted here with the issue of whether the plaintiffs' filing of a second voluntary dismissal pursuant to Civ.R. 41(A)(1) extinguishes the merits of their complaint.
Civ.R. 41(A)(1) states in part:
 * * * an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial * * *. Unless otherwise stated in the notice of dismissal * * * the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim. (Emphasis added).
Further, the court in Riley v. Med. College of Ohio Hosp. (1992),83 Ohio App.3d 139, citing McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 318, Section 13.03 stated:
 Upon a literal interpretation of the wording of Civ.R. 41(A)(1), for a notice of dismissal to operate as an adjudication upon the merits, both dismissals must have been a voluntary action made solely by the appellant.
See, also, Graham v. Pavarini (1983), 9 Ohio App.3d 89.
In this case, the Bertolones filed a complaint against the Cleveland Clinic on January 15, 1997, known as Case No. CV 323148, alleging negligence, but voluntarily dismissed that complaint on June 4, 1998. Subsequently, on June 30, 1998, they refiled their case against the Cleveland Clinic, known as Case No. CV 358454, again alleging negligence, but voluntarily dismissed that action on September 30, 1999.
After careful review, we conclude in accordance with Civ.R. 41(A)(1) and Riley, that the Bertolones voluntarily dismissed their action on two separate occasions, and that the second notice of dismissal filed on September 30, 1999 operated as an adjudication on the merits because the case had earlier been dismissed. Accordingly, the assignment of error is overruled and the judgment of the court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
MICHAEL J. CORRIGAN, J., and PATRICIA A. BLACKMON, J., CONCUR
 ______________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE