REAGAN, d.b.a. Southeast Trucking Company, Appellant,

v.

RANGER TRANSPORTATION, INC., et al.; ESSROC
Materials, Inc., et al., Appellees.

[Cite as *Reagan v. Ranger Transp., Inc.* (1995), 104 Ohio App.3d 15.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 94–P–0045.

Decided May 8, 1995.

*Lammert & Towne, Ronald N. Towne* and *Donald W. Davis, Jr.; Stephen J. Petras, Jr.* and *Ellen Toth,* for appellant.

*Antonios C. Scavdis,* for appellee ESSROC Materials, Inc.

*James J. Aylward,* for appellee Doris Hershberger.

Ford, Presiding Judge.

This case comes from the Portage County Court of Common Pleas.

On September 16, 1991, appellant, Helen Reagan, d.b.a., Southeast Trucking Company ("Reagan"), filed an action against Ranger Transportation, Inc. ("Ranger"), ESSROC Materials, Inc. ("ESSROC"), Doris Hershberger and Frieda Mulhollen.

On January 26, 1994, appellant dismissed Mulhollen without prejudice.[1] Subsequently, on February 9, 1994, the trial court considered motions for summary judgment advanced by Hershberger, ESSROC, and Ranger, and granted summary judgment in favor of Hershberger and ESSROC; however, it overruled Ranger's motion for summary judgment. This order did not contain "no just reason for delay" language, pursuant to Civ.R. 54(B).

Thereafter, on May 20, 1994, appellant dismissed Ranger without prejudice.[2] On May 23, 1994, appellant filed a notice of appeal from the February 9, 1994 order, as well as a previously entered order.

For the reasons to follow we conclude that this court lacks jurisdiction to entertain this appeal.

"An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of [both] R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, 1385. Clearly, there remained unadjudicated claims against at least Ranger when the trial court issued its February 9, 1994 order, which did not contain "no just reason for delay" language. Thus, when the order was issued, it was not a final appealable order.

However, we must determine whether appellant's voluntary dismissal of Ranger converted an otherwise interlocutory order into a final order. We conclude that it did not.

Civ.R. 41(A)(1) states:

"Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant * * *. Unless otherwise stated in the notice of dismissal * * *, the dismissal is without prejudice * * *."

In *Borchers v. Winzeler Excavating Co.* (Apr. 10, 1992), Montgomery App. No. 13297, unreported, at 3, 1992 WL 82681, the court construed the foregoing language and concluded:

---

1. The full text of the dismissal reads as follows: "Now comes Plaintiff, HELEN REAGAN, by and through her counsel, and hereby dismisses without prejudice defendant FRIEDA MULHOLEN [*sic*]."

2. The full text states: "Now comes Plaintiff, HELEN REAGAN, by and through her counsel, and hereby dismisses without prejudice defendant RANGER TRANSPORTATION, INC."

"In our view, Civ.R. 41(A)(1) creates a mechanism whereby a plaintiff may voluntarily dismiss his entire action, without prejudice. It does not provide for the dismissal, without prejudice, of part of a cause of action. To do so would permit piecemeal litigation and piecemeal appeals, which are disfavored in the law."

This court has recently concluded that a party cannot dismiss claims pursuant to Civ.R. 41(A)(1)(a) because such rule permits only the dismissal of actions. *Serotko v. State Farm Fire & Cas. Co.* (Sept. 9, 1994), Trumbull App. No. 94–T–5045, unreported, at 4. Further, the *Serotko* court stated that amending a complaint pursuant to Civ.R. 15(A) is the proper procedure to dismiss claims in a multi-count complaint. *Id.* at 4–5. A dismissal of claims pursuant to Civ.R. 41(A)(1)(a) which does not dismiss the entire action is a nullity. *Borchers* at 3–4. Thus, the dismissals of Mulhollen and Ranger were nullities and the claims against these parties remain.

Based on the foregoing, this court lacks jurisdiction and the matter is dismissed.

*Appeal dismissed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.