RUIZ, a Minor, et al., Appellants,

v.

CARABALLO et al., Appellees.

[Cite as *Ruiz v. Caraballo* (1997), 117 Ohio App.3d 388.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70017.

Decided Jan. 6, 1997.

*Paris & Paris* and *E. Tasso Paris*, for appellants.

*Buckley, King & Bluso, William E. Armstrong* and *David Ledman; Weston, Hurd, Fallon, Paisley & Howley* and *William R. Fanos*, for appellees.

---

*Per Curiam.*

Verenice Ruiz, a minor, filed this appeal from a March 3, 1994 decision of the common pleas court which granted summary judgment in favor of Andres and Carmen Velez on her complaint for negligent construction of a fence. The matter has been thoroughly briefed, and, in addition, the appellees have moved to dismiss this appeal, alleging, in the alternative, untimely filing or lack of a final appealable order. Based upon the procedural history of this case, we are compelled to dismiss this appeal.

The facts in the matter before us are relatively uncomplicated. On March 5, 1992, Verenice Ruiz, then nine years old, visited her friend Betsy Franco, who

lived in a multi-family property owned by the Velezes at 4305 Clark Avenue in Cleveland. The courtyard to this property is surrounded by a redwood fence, but has a three-foot-wide wrought iron gate that opens onto Seldon Court at the rear of the property. When Verenice left Betsy Franco that afternoon, she ran through the open gate and was injured when she was struck by a car driven by Arsenio Caraballo as he drove through Seldon Court.

Thereafter, Verenice Ruiz by and through Daniel and Myra, her parents, filed case No. 236579 against both Caraballo and the Velezes, alleging negligence in operating the motor vehicle and in constructing the fence abutting the alley. Subsequently, the Velezes moved for summary judgment and on March 3, 1994, the court granted that motion, but did not incorporate the language of Civ.R. 54(B), "no just reason for delay" into its journal entry. Thereafter, on March 30, 1994, appellant voluntarily dismissed case No. 236579 pursuant to Civ.R. 41(A)(1)(a), and the trial court journalized its own order which dismissed this action without prejudice on April 13, 1994.

Then on October 18, 1994, appellant filed a new action known as case No. 278850 against Caraballo, but never named or served either Andres or Carmen Velez in that case. In November 1995, appellant settled case No. 278850 and filed a notice of dismissal with the court to reflect the resolution of that matter. However, appellant also filed a notice of dismissal in case No. 236579, purporting to again dismiss Caraballo from that action as of November 1995.

The instant appeal now seeks our review of the March 3, 1994 order of the trial court granting summary judgment in favor of Andres and Carmen Velez entered in case No. 236579. For the following reasons, we are constrained to dismiss this appeal.

We begin by reviewing the provisions of Civ.R. 54(B), which states:

"(B) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

This rule is unique in that it applies only when the case involves multiple claims or multiple parties, and it vests discretion in the trial court to render an

otherwise interlocutory order final and appealable by making "an express determination that there is no just reason for delay." This language, however, when properly incorporated into a journal entry, does more than render the order appealable—it makes that order a final order as to a specific claim or party. Further, the rule expressly states that an order without this language "shall not terminate the action as to *any* of the claims or parties * * *." (Emphasis added.)

■ The facts presented here reveal that while the trial court granted summary judgment in favor of Andres and Carmen Velez, the court did not make the express determination of "no just cause for delay" in accordance with Civ.R. 54(B). Absent this express determination, we conclude not only that this ruling did not become a final appealable order, but also that it did not terminate the action as to *any* of the claims or *any* of the parties.

■ Next, we consider Civ.R. 41(A)(1)(a) because appellant voluntarily dismissed case No. 236579 pursuant to that rule. We shall examine the effect of the Civ.R. 41 dismissal on the earlier ordered summary judgment. That rule states in part:

"(1) Subject to the provisions of Rule 23(E) and Rule 66, an *action* may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial * * *." (Emphasis added.)

In *Reagan v. Ranger Transp., Inc.* (1995), 104 Ohio App.3d 15, 660 N.E.2d 1234, where the appellant purported to dismiss Ranger Transportation, Inc. pursuant to Civ.R. 41(A)(1)(a) in an effort to seek appellate review of summary judgment earlier granted in favor of two other party defendants, the appellate court concluded it lacked jurisdiction to entertain the appeal. Citing *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, 1385, the court stated, "An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of [both] R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." The *Reagan* court also stated at 18, 660 N.E.2d at 1235:

"This court has recently concluded that a party cannot dismiss claims pursuant to Civ.R. 41(A)(1)(a) because such rule permits only the dismissal of actions."

Similarly, in *Cent. Mut. Ins. Co. v. Bradford–White Co.* (1987), 35 Ohio App.3d 26, 519 N.E.2d 422, where the trial court had granted summary judgment for two party-defendants without using the Civ.R. 54 language and then entered a Civ.R. 41(B)(1) involuntary dismissal that had been prepared and approved by plaintiff's counsel, the appellate court held that the entries of summary judgment were dissolved when the trial court dismissed plaintiff's complaint.

Further, we observe that the Ohio Supreme Court stated in *DeVille Photography, Inc. v. Bowers* (1959), 169 Ohio St. 267, 272, 8 O.O.2d 281, 284, 159 N.E.2d 443, 446, "A dismissal without prejudice leaves the parties as if no action had been brought at all."

Finally, we note that in regard to the ability to dismiss parties or claims, Fed.R.Civ.P. 41 is similar to the Ohio rule. Fed.R.Civ.P. 41 states in part:

"Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs * * *."

By contrast, however, although the language is similar, several treatises on federal civil procedure conclude that the rule permits a plaintiff to dismiss fewer than all of the named defendants. See 9 Wright & Miller, Federal Practice and Procedure (2 Ed.1994), Section 2362, and 5 Moore's Federal Practice (2 Ed.1995), at 41.06–1. Nonetheless, we have found no Ohio authority which permits the practice of dismissing a single claim or a single party.

The chief difference we note between the Ohio and the federal rule is the time allowed for a party to exercise the right to dismiss an action. In Ohio, the ability to dismiss litigation remains with the party prosecuting the case until the date of trial; in the federal rules, however, a party may do so only until an answer or motion for summary judgment is filed by an opponent, and, thus, the court assumes responsibility for and control of the case at an earlier point in the proceedings. This distinction, however, is not accidental. In *Std. Oil Co. v. Grice* (1975), 46 Ohio App.2d 97, 101, 75 O.O.2d 81, 82–83, 345 N.E.2d 458, 461, the court, after discussing the difference between the Ohio and federal rule, stated:

"There is no exception in the [Ohio] rule for any possible circumstance that would justify a court in refusing to permit withdrawal of a cause prior to the commencement of trial. This is the traditional Ohio policy of encouraging voluntary terminations."

In accordance with the foregoing then, we conclude that because the trial court did not make the express determination that there is "no just reason for delay" at the time it entered summary judgment for Andres and Carmen Velez in case No. 236579, that order did not become final or appealable and did not terminate the action as to any of the claims or parties because it was subject to revision until the court entered a final judgment that adjudicated all of the claims of all of the parties in the case. Therefore, by filing a Civ.R. 41(A)(1)(a) dismissal, appellant dismissed all parties to the case, including those subject to the interlocutory summary judgment ruling, leaving all parties as if no action had been brought at all. See *DeVille, supra.*

Since appellant recommenced an action against appellee Caraballo known as case No. 278850, but never recommenced any action against Andres or Carmen Velez, no final appealable order exists as to them from which to prosecute an appeal, and thus there is no trial court order presented for us to review. This is so because in a multiple-claim or multiple-party action, when a trial court enters summary judgment for one party without making an express determination that there is no just reason for delay in accordance with Civ.R. 54(B), that order of summary judgment is interlocutory in character, and, therefore, not subject at that time to appellate review. We hold today that such an order of summary judgment does not become final and appealable when the plaintiff files a voluntary dismissal pursuant to Civ.R. 41(A)(1)(a). Consequently, a purported voluntary dismissal of a claim or a party filed after an interlocutory order of summary judgment has been granted dismisses the entire action, including the interlocutory summary judgment ruling, because Civ.R. 41 and Ohio law provide only for dismissal of actions, not parties or claims. Hence, to seek appellate review under these circumstances, it is necessary to recommence the action and obtain a final appealable order for appellate review. Since that was not done in this case, no final appealable order exists for review and we, therefore, dismiss this appeal.

We have further considered the "Eighth Appellate District Guidelines for 54(B) Application to Determine Final Appealable Orders," which this court adopted as an internal operating procedure on November 17, 1993 for uniform application by court personnel, but which this court never formally promulgated. (See Appendix.) Appellant cannot prevail, however, even if one were to apply these guidelines, which permit an inference that the term "action" as used in Civ.R. 41(A)(1)(a) means "claim."

According to the guidelines, a dismissal of either "claims or actions against former parties" is "treated 'as if no action had been brought at all' as to those parties." Therefore, even if appellant had intended to dismiss only his claim against Caraballo when he filed the Civ.R. 41(A)(1)(a) dismissal in case No. 236579, that dismissal, under the guidelines, would render the earlier summary judgment a final appealable order and require a timely notice of appeal. Since appellant never timely appealed, the guidelines require dismissal for lack of jurisdiction. Alternatively, because appellant dismissed his entire action as opposed to only his claim against Caraballo, the result, under the guidelines, is exactly as indicated herein, and no final appealable order exists for us to review.

*Appeal dismissed.*

HARPER, P.J., O'DONNELL and KARPINSKI, JJ., concur.

## APPENDIX

## GUIDELINES FOR 54(B) APPLICATION TO DETERMINE FINAL APPEALABLE ORDERS

1. Civ.R. 54(B) will be applied only when there are claims or actions against parties still presently pending in the trial court.

2. If claims or actions against former parties were dismissed without prejudice at any time during the proceedings below, they will be treated "as if no action had been brought at all" as to those parties. *DeVille Photography, Inc. v. Bowers* (1959), 169 Ohio St. 267, 272 [8 O.O.2d 281, 284, 159 N.E.2d 443, 446–447]; *Johnston v. Cartwright* (C.A.8, 1965), 344 F.2d 773, 774.

3. Where it appears that claims or actions are still pending between or among some or all of the parties below, are not otherwise moot, *and* the trial court *has not* properly certified that there is "no just reason for delay" under Civ.R. 54(B), the case will be dismissed *sua sponte* with the right of reinstatement after obtaining a final appealable order.