This is an appeal from an order of the Court of Common Pleas of Ross County sustaining a motion of the Department of Administrative Services and the Department of Rehabilitation and Correction to dismiss them as defendants in an action commenced by the plaintiff, West American Insurance Company, which prays for a declaratory judgment.
On April 28, 1996, Mark Benner was operating a motor vehicle which was owned by the State of Ohio when he was involved in a two-car collision, and he was subsequently sued for damages in the Ross County Common Pleas Court by Darlene Wills, the driver of the other vehicle involved in the accident. Wills v. Benner
Ross C.P. No. 96-CI-272, unreported.
In the declaratory judgment action, West American specifically sought relief as follows:
 "(1) A judgment finding and declaring that Plaintiff is not obligated to defend and indemnify Mark A. Benner for the accident of April 28, 1996, or
 (2) That coverage and indemnification, if provided by Plaintiff's policy, is in excess of the obligation of the State of Ohio to indemnify and defend Mark A. Benner pursuant to 9.83 of the Ohio Revised Code.
 (3) That the Court specifically order the Ohio Department of Correction and Rehabilitation/Ohio Department of Administrative Services to indemnify and defend Mark A. Benner pursuant to the provisions of Revised Code Section 9.83."
In denying such relief, and sustaining the motion to dismiss, the Common Pleas Court commented as follows:
 "The plaintiff, Wills, has chosen to sue Benner in common pleas court and West American is under contract to defend him so long as the case is there. If she elects to pursue her remedies against the state in the court of claims, then, and only then, should plaintiff herein prevail and the state be ordered to provide Benner a defense."
In the appeal to this court, the appellant has set forth two assignments of error, but the appellee counters initially with an argument that the order from which the appeal is taken is not final and appealable.
In this regard, the record discloses that the complaint for a declaratory judgment was filed against Mark A. Benner, Michelle Benner, Darlene A. Wills, Peter L. Wills, the Ohio Department of Rehabilitation and Correction and the Ohio Department of Administrative Services Office of Risk Management. However, the entry dismissing the state agencies on March 31, 1998 for lack of jurisdiction does not dispose of the interests of the defendants, Mark and Michelle Benner, or the defendants, Darlene and Peter Wills, and there appears to be no doubt that the relief sought in the declaratory judgment action could impact upon the negligence action pending in the Common Pleas Court. Furthermore, the entry fails to contain an "express determination that there is no just reason for delay," as required by Civ.R. 54(B). However, on April 13, 1998, West American dismissed the action against the Benners and the Wills without prejudice pursuant to Civ.R. 41(A)(1), and gave notice that the cause was to proceed against the state agencies.
With respect and regard for the jurisdictional rights of the Wills and the contractual rights of the Benners, and with particular emphasis upon the relief sought by the appellant in the declaratory judgment action, we cannot agree with West American that its voluntary dismissal filed on April 13, 1998 involved "only nominal parties." Furthermore, Civ.R. 41(A)(1), upon which the appellant relies, by its own terms, alludes to the dismissal of the entire action. Ruiz v. Caraballo, (1997),117 Ohio App.3d 388; Reagan v. Ranger Transp., Inc. (1995),104 Ohio App.3d 15; Lee v. Gross Lumber Co. (1989), 57 Ohio App.3d 52. Moreover, and for manifest reasons, a party to an action cannot make an otherwise interlocutory order into a final order without the intervention of the trial court as contemplated by the language of Civ.R. 54(B). Indeed, if the parties themselves, either separately or in concert, could determine the appealability of a judgment or order, the appellate docket would embrace innumerable interlocutory matters.
Hence, the order entered by the common pleas court on March 31, 1998, which does not dispose of all the claims or parties, and which does not include a finding that there was no just cause or reason for delay, did not terminate the action and did not become a final appealable order.
Accordingly, the appeal will be dismissed.
APPEAL DISMISSED
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and appellees shall recover of appellant their costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J. Concur in Judgment and Opinion
FOR THE COURT
 ----------------------- Joseph D. Kerns, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Joseph D. Kerns, retired of the Second District, sitting by assignment of the Ohio Supreme Court in the Fourth District.