[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION.
Please note: we have sua sponte removed this case from the accelerated docket.
In 1993, the Hamilton County Court of Common Pleas, Division of Domestic Relations, entered a divorce decree ending the marriage of plaintiff-appellant Thomas H. Starks and defendant-appellee LaSandre M. Starks. That judgment divided the marital property, awarded spousal support by way of Ms. Starks assuming the marital debt, and gave Ms. Starks custody of the two children born during the marriage.
Mr. Starks appealed the decree to this court. We affirmed the trial court.[1]
Mr. Starks, proceeding in forma pauperis, later filed apro se suit in the United States District Court, Southern District of Ohio, Western Division.[2] He filed the suit against Ms. Starks; B.D. Robinson, his former father-in-law; Hamilton County; William Abernethy, Ms. Starks's former divorce lawyer; and Strauss Troy, Mr. Abernethy's law firm. He claimed that his equal-protection and due-process rights had been violated during the divorce proceedings because the court's orders lacked sufficient detail and the record lacked significant documents. He also claimed that the defendants engaged in a conspiracy to violate his civil rights. The court dismissed the suit under Section 1915(d), Title 28, U.S. Code, which then permitted a district court to dismiss an in forma pauperis
civil-rights complaint as frivolous on its face.[3] The SixthCircuit Court of Appeals affirmed.[4]
Mr. Starks then filed suit against the same defendants, plus the state of Ohio, in the Hamilton County Court of Common Pleas. He made the same allegations as those in his prior federal suit. All parties, except the state of Ohio, responded with motions to dismiss. The state of Ohio did not respond.
The trial court granted all motions to dismiss. Mr. Starks appealed. This court held that we did not have jurisdiction to hear the appeal because "the entry granting the motions to dismiss the complaint, filed by all defendants except the state of Ohio, [was] not a final appealable order."[5]
To obtain jurisdiction of this court, Mr. Starks filed a document entitled "Notice For Dismissal Of State Of Ohio From Complaint." Mr. Starks then filed the present appeal, with two assignments of error that challenge the court's granting of the motions to dismiss. But we do not address either assignment because we conclude that we do not have jurisdiction to hear this appeal.
Under the Ohio Constitution, appeals courts have jurisdiction over "final orders" of lower courts.[6] An order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment."[7] Here, when the court granted the motions to dismiss of Ms. Starks, Mr. Robinson, Hamilton County, Mr. Abernethy, and Strauss Troy, there was not a final appealable order because the state of Ohio had not been dismissed, and there was no Civ.R. 54(B) certification. Attempting to create a final appealable order, Mr. Starks filed the "Notice For Dismissal Of State Of Ohio From Complaint," perhaps under Civ.R. 41(A)(1)(a), which allows a plaintiff to voluntarily dismiss an action without prejudice by filing a "notice of dismissal."
But, because the state of Ohio was dismissed without prejudice, the claims against it were not considered "on the merits," and Mr. Starks is not barred from bringing a second suit on the same claims.[8]
Unreported case law from this court holds that a voluntary dismissal such as the one that occurred here does not create a final appealable order because it does not determine the action and prevent a judgment.[9] In other words, when a court has granted motions to dismiss (or motions for summary judgment) of certain defendants, and the plaintiff then voluntarily dismisses the remaining defendants without prejudice, our case law holds that the plaintiff cannot appeal the court's granting of the motions to dismiss (or summary-judgment motions). Reported case law from other appellate districts is in accord.[10] These courts reason that creating a final appealable order from a voluntary dismissal without prejudice would encourage "piecemeal litigation and piecemeal appeals, which are disfavored in the law."[11]
Here, we follow Hamilton County precedent and agree with those cases that hold that a voluntary dismissal without prejudice does not create a final appealable order. Because there is no final appealable order, we do not have jurisdiction to hear this appeal.
Appeal dismissed.
Gorman, P.J., and Sundermann, J., concur.
Please Note:
The court has recorded its own entry on the date of the release of this Opinion.
[1] Starks v. Starks (Mar. 22, 1995), Hamilton App. No. C-940023, unreported.
[2] Starks v. Starks (Jan. 23, 1996), S.D. Ohio No. C-1-96-075, unreported, affirmed Jan. 29, 1997), C.A.6 No. 96-3201, unreported.
[3] The relevant language has since been reincorporated under Section 1915(e)(2)(B)(I), Title 28, U.S. Code.
[4] Starks v. Starks (Jan. 23, 1996), S.D. Ohio No. C-1-96-075, unreported, affirmed (Jan. 29, 1997), C.A.6 No. 96-3201, unreported.
[5] Starks v. Starks (June 3, 1998), Hamilton App. No. C-970746, unreported.
[6] Section 3(B)(2), Article IV, Ohio Constitution.
[7] R.C. 2505.02(B)(1).
[8] See Civ.R. 41(A)(1) and 1970 Staff Notes.
[9] See Inabnitt v. Salzer (Sept. 17, 1986), Hamilton App. No. C-850740, unreported.
[10] See Nielsen v. Firelands Rural Elec. Coop., Inc. (1997),123 Ohio App.3d 104, 703 N.E.2d 807; Reagan v. Ranger Transp.,Inc. (1995), 104 Ohio App.3d 15, 17-18, 660 N.E.2d 1234, 1235; Leev. Gross Lumber Co. (1989), 57 Ohio App.3d 52, 53, 566 N.E.2d 696,697-698; but, see, e.g., Eiland v. Coldwell Banker Hunter Realty
(1997), 122 Ohio App.3d 446, 702 N.E.2d 116; Ohio Leitina Co. v.Vandra Brothers Constr., Inc. (Sept. 3, 1998), Cuyahoga App. No. 72616, unreported. The Ohio Supreme Court has accepted certification of a conflict on this issue. Denham v. New Carlisle
(1998), 83 Ohio St.3d 1473, 701 N.E.2d 380.
[11] Reagan, supra, at 18, 660 N.E.2d at 1235.