OPINION
This matter comes before the court on the motion to dismiss appellant's appeal submitted by appellees Tell Realty and Paul Tell, Sr., d.b.a. Silver Oaks Place ("Tells").
Appellant, Laurie Davis, filed an action against the Tells and Quality Industries, Inc.
Appellant filed a response to appellee's motion to dismiss on March 1, 1999, approximately thirty days after the motion to dismiss was served on appellant. Pursuant to App.R. 15(A) and Loc.R. 9 of the Eleventh District Court of Appeals, which permits ten days to respond, appellant's response to appellee's motion to dismiss is stricken from the record as untimely.
On June 1, 1998, the trial court considered a motion for summary judgment advanced by the Tells. The trial court granted summary judgment in favor of the Tells. This order did not contain "no just reason for delay" language, pursuant to Civ.R. 54(B).
Thereafter, on October 23, 1998, appellant filed a notice of voluntary dismissal, which provided:
 "Plaintiff hereby voluntarily dismisses without prejudice pursuant to Rule 41(A) any and all claims pleaded by her against any and all defendant s [sic] in this matter. No claims remain pending before the court for adjudication."
On November 20, 1998, appellant filed a notice of appeal from the June 1, 1998 judgment of the trial court.
Appellant's notice of dismissal was made pursuant to Civ.R. 41(A)(1)(a), which governs the voluntary dismissal of a civil action by a plaintiff. The rule states, in pertinent part:
 "Subject to the provisions of Rule 23(F) and Rule 66, an action may be dismissed by the plaintiff without order of court * * * by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant * * *. Unless otherwise stated in the notice of dismissal * * *, the dismissal is without prejudice, * * *."
A notice of dismissal pursuant to Civ.R. 41(A) must be filed before the commencement of "trial" in order to be effective. InState ex rel Leonetti (Dec. 24, 1998), Geauga App. No. 98-G-2166, unreported, this court discussed the requirement that a voluntary dismissal without prejudice be filed before a trial commences. We stated that: "a summary judgment proceeding might be considered a `trial' because it involves a judicial examination of factual and legal issues which could result in a final judgment on the merits of a claim." In Reagan v. Ranger Transp., Inc. (1995), 104 Ohio App.3d 15, this court held that "a dismissal of claims pursuant to Civ.R. 41(A)(1)(a) which does not dismiss the entire action is a nullity." Although appellant's notice of dismissal states that it is a dismissal of the entire action, appellant may not voluntarily dismiss the Tells from the lawsuit because the trial court had already granted their motion for summary judgment. To hold otherwise would allow appellant to refile her lawsuit against the Tells after the trial court had determined that they were entitled to judgment as a matter of law. Because appellant's voluntary dismissal merely acts to dismiss Quality Industries, Inc., it is a nullity, and thus the action is still pending.
"An order which adjudicates one or more but fewer than all the claims or rights and liabilities of fewer than all the parties must meet the requirements of [both] R.C. 2505.02 and Civ.R.54(B) in order to be final and appealable. Noble v. Colwell (1989),44 Ohio St.3d 92, 96. When the trial court granted summary judgment against the Tells, unadjudicated claims remained against Quality Industries, Inc. The June 1, 1998 order was not a final appealable order because it did not contain "no just reason for delay" language.
Based on the foregoing, this court lacks jurisdiction and the appeal is hereby dismissed.