[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the Court on Appellee Park National Bank's ("PNB's") motion to dismiss this appeal for lack of a final appealable order. PNB contends that no final appealable order exists in this case because there are three motions that the trial court never ruled upon, and because an unlawful retaliation claim is still pending in the trial court and the court never certified that there is "no just reason for delay" in accordance with Civ.R. 54(B). We conclude that the trial court's failure to explicitly rule on the motions does not affect whether the trial court entered a final judgment; however, because Appellants did not properly dismiss the unlawful retaliation claim it remains pending. When a claim remains pending and the trial court does not certify that there is "no just reason for delay," this Court lacks jurisdiction to decide the appeal. Therefore, PNB's motion to dismiss this appeal isGRANTED.
 PROCEDURAL HISTORY {¶ 2} In June 2000, Appellants Samuel R. Savage, Kenneth M. Cosgrove, and Brent T. Webb (collectively, "Appellants") filed a complaint against their former employer, Cody-Zeigler, Inc. ("Cody-Zeigler"), and Corrections Commission of Southeastern Ohio ("CCSEO"). In Count One of their complaint, Appellants alleged that Cody-Zeigler failed to pay them the prevailing wage rate as required by R.C. 4115.05 while they were working on the construction of the Southeastern Ohio Regional Jail, and that CCSEO may have failed to notify Cody-Zeigler of the relevant wage increase. In Count Two, Appellants alleged that Cody-Zeigler retaliated against them by discharging them from their employment when they complained about their pay. Cody-Zeigler filed a cross-claim against CCSEO for indemnification and/or contribution.
 {¶ 3} In August 2002, the trial court entered partial summary judgment in Appellants' favor against Cody-Zeigler as to Count One of the complaint. The court entered judgment in favor of Savage in the amount of $5,124.00, in favor of Cosgrove in the amount of $9,149.93, and in favor of Webb in the amount of $6,341.55.[1] The court reserved judgment as to attorney's fees and costs. In a separate decision, the court granted summary judgment in CCSEO's favor as to Appellants' complaint, but concluded that genuine issues of material fact existed as to whether CCSEO was entitled to judgment on Cody-Zeigler's cross-claim. Approximately one week later, Appellants filed an agreed entry, approved by Cody-Zeigler and CCSEO, dismissing Count Two of their complaint without prejudice. Thereafter, Appellants filed an application for attorney's fees and costs.
 {¶ 4} In October 2002, Appellants filed an "Emergency Attachment Complaint" seeking the attachment of property owned by Cody-Zeigler that was to be sold at public auction to pay its debts. In February 2003, the trial court — following a bench trial — entered judgment in CCSEO's favor on Cody-Zeigler's cross-claim. That same day, PNB filed a motion to intervene in the action, contending that it had a secured interest in the property Appellants sought to attach. Appellants filed a memorandum in opposition to PNB's motion to intervene.
 {¶ 5} In April 2003, Appellants filed a request for findings of fact by the trial court pursuant to Civ.R. 52 asking the trial court to make findings of fact and conclusions of law in connection with the issues pending before the court — PNB's right to intervene in the action and Appellants' application for attorney's fees. Without issuing findings of fact, the trial court granted PNB's motion to intervene and ordered the parties to brief the issue of whether PNB's security interest took priority over Appellants' judgment against Cody-Zeigler. After the parties briefed the issue, Appellants filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5) and/or motion for reconsideration asking the trial court to reverse its decision allowing PNB to intervene in the case. Before the court ruled on that motion, Appellants filed a notice of appeal from the trial court's entry granting PNB's motion to intervene. This Court determined that the entry was not a final appealable order and dismissed that appeal. Savage v. Cody-Zeigler (Nov. 10, 2003), Athens App. No. 03CA22 (entry dismissing appeal).
 {¶ 6} In February 2005, the trial court granted Appellants' application for attorney's fees and awarded them $45,000 in attorney's fees from Cody-Zeigler. Then, Appellants filed a motion for final judgment asking the trial court to issue a "final" judgment incorporating all of its previous decisions relating to the prevailing wage claims, to issue a decision on the Civ.R. 60(B) motion and all other issues pending before the trial court, and to include "no just reason for delay" language in the entry. In January 2006, the trial court issued an order giving priority to the PNB security interest in the Cody-Zeigler property over the Appellants' judgment in the prevailing wage claim case. Appellants appealed from this entry. At the time the appeal was filed, the trial court had never expressly ruled on Appellants' request for findings of fact, motion for relief from judgment and/or motion for reconsideration, or motion for final judgment, and none of the trial court's entries contained "no just reason for delay" language.
 LAW GOVERNING APPELLATE REVIEW {¶ 7} It is well established that an order must be final before it can be reviewed by an appellate court. See Section3(B)(2), Article IV of the Ohio Constitution. See, also, GeneralAcc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17, 20, 540 N.E.2d 266. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. Lisath v. Cochran (Apr. 14, 1993), Lawrence App. No. 92CA25; In re Christian (July 22, 1992), Athens App. No. 1507.
 {¶ 8} R.C. 2505.02(B)(1) defines a final order as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment." A final order determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings. Catlin v. United States (1945), 324 U.S. 229, 233,65 S.Ct. 631, 89 L.Ed. 911; Coey v. U.S. Health Corp. (Mar. 18, 1997), Scioto App. No. 96CA2439.
 {¶ 9} When Civ.R. 54(B) applies, the order must comply with both R.C. 2505.02 and Civ.R. 54(B) before it can be deemed a final appealable order. Noble v. Colwell (1989),44 Ohio St.3d 92, 96, 540 N.E.2d 1381; Minix v. Collier (July 16, 1999), Scioto App. No. 98CA2619. Civ.R. 54(B) provides that:
When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Civ.R. 54(B) makes use of the "no just reason for delay" language mandatory. Noble at 96, citing Jarrett v. DaytonOsteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, 486 N.E.2d 99, syllabus. Unless those words appear, the order can not be either final or appealable even if the trial court declares it to be.Noble at 96; Ft. Frye Teachers Assn. v. Ft. Frye Local SchoolDist. Bd. of Edn. (1993), 87 Ohio App.3d 840, 843, fn. 4, citingPickens v. Pickens (Aug. 27, 1992), Meigs App. No. 459.
 {¶ 10} PNB contends that the orders appealed from — the court's entry granting PNB's motion to intervene in the action and the entry determining that PNB's security interest in Cody-Zeigler's property has priority over Appellants' judgment — are not final appealable orders and, therefore, this appeal must be dismissed. PNB offers two arguments in support of its contention: (1) because multiple unresolved motions remain pending in the trial court, no final appealable order exists; and (2) even if the unresolved motions do not affect the finality of the judgment, the absence of Civ.R. 54(B) language bars the appeal because Count Two of the complaint was not properly dismissed and remains pending before the trial court.
 {¶ 11} Appellants argue that the trial court's January 2006 order granting priority to PNB's security interest in the Cody-Ziegler property is a final appealable order because it affects a "substantial right" and in effect determines the action pursuant to R.C. 2505.02(B). Appellants further contend that the trial court's failure to include Civ.R. 54(B) language is irrelevant because the entry resolves all claims and pending collateral motions and leaves nothing for the trial court to decide. Finally, Appellants argue that PNB has no standing to raise the issue that the retaliation claim is still pending because it was not a party to the proceedings at the time Appellants dismissed that claim. And, the voluntary dismissal of the retaliation claim was proper.
 1. Undecided Motions A. Motion for Findings of Fact and Conclusions of Law Pursuant to Civ.R. 52 {¶ 12} First, PNB contends that this Court lacks jurisdiction to decide this appeal because the trial court never ruled on Appellants' request for findings of fact and conclusions of law in connection with PNB's application to intervene and Appellants' application for attorney's fees.
 {¶ 13} Generally, when a properly filed request for findings of fact and conclusions of law is filed, no final appealable order exists until the court complies with Civ.R. 52, i.e. issues findings of fact and conclusions of law. First Natl. Bank v.Netherton, Pike App. No. 04CA731, 2004-Ohio-7284, at ¶ 8. See, also, App.R. 4(B)(2) (when a party files a timely motion for findings of fact and conclusions of law pursuant to Civ.R. 52, the time for filing a notice of appeal begins to run when the order disposing of the motion is filed). Civ.R. 52 states:
When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
* * *
Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56.
* * *
Appellants filed their request for findings of fact and conclusions of law before the court ruled on PNB's motion to intervene and Appellants' application for attorney fees; therefore, the request was timely under Civ.R. 52.
 {¶ 14} However, when Civ.R. 52 does not require the court to issue findings of fact and conclusions of law, the court has no duty to issue them and the time for filing a notice of appeal is not tolled. See Clemens v. Detail At Retail, Inc., Cuyahoga App. Nos. 85681 and 86252, 2006-Ohio-695 (appeal dismissed as untimely because Civ.R. 52 did not require the trial court to issue findings of fact and conclusions of law when deciding motion for sanctions). Although Civ.R. 52 mandates the issuance of findings of fact and conclusions when questions of fact are tried by the court without a jury, the rule specifically holds that such findings are "unnecessary upon all other motions." Therefore, this Court must determine whether Civ.R. 52 requires a trial court to issue findings of fact and conclusions of law when requested on an application to intervene and an application for attorney's fees.
 {¶ 15} In Bates v. Sherwin-Williams Co. (1995),105 Ohio App.3d 529, 664 N.E.2d 612, the Eighth District Court of Appeals held that the trial court did not need to issue findings of fact and conclusions of law when it decided a motion to intervene because that court's conclusion was based solely on a legal rather than a factual basis. Although the Fourth District Court of Appeals has never considered this issue, in First Natl. Bankv. Netherton, Pike App. No. 04CA731, 2004-Ohio-7284, this Court held that the trial court was required to issue findings of fact and conclusions of law in deciding a Civ.R. 60(B) motion even though Civ.R. 52 specifically excludes most motions from its application. In reaching that conclusion, this Court decided that "the rule should be: when a trial court must resolve disputed factual issues to reach a decision on a Civ.R. 60(B) motion and when the movant timely requests Civ.R. 52 findings of fact and conclusions of law, the court must issue Civ.R. 52 findings of fact and conclusions of law." Id. at ¶ 16.
 {¶ 16} In Netherton, this Court considered whether the Civ.R. 60(B) proceeding had the indicia of a trial before concluding that findings of fact should have been rendered by the trial court. The non-exhaustive list of factors that may indicate whether a proceeding is in substance a trial are: "(1) whether the proceeding was initiated by pleadings, (2) whether it took place in court, (3) whether it was held in the presence of a judge or magistrate, (4) whether the parties or their counsel were present, (5) whether evidence was introduced, (6) whether arguments were presented in court by counsel, (7) whether issues of fact were decided by the judge or magistrate, (8) whether the issues decided were central or ancillary to the primary dispute between the parties, (9) whether a judgment was rendered on the evidence." Id. at ¶ 17, citing First Bank of Marietta v.Mascrete, Inc. (1997), 79 Ohio St.3d 503, 507, 684 N.E.2d 38.
 {¶ 17} Here, PNB sought to intervene under Civ.R. 24(A)(2), which states:
Upon timely application anyone shall be permitted to intervene in an action * * * when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
Appellants argued that intervention was improper because PNB's application was untimely and because PNB failed to establish that it had an interest in the subject property.
 {¶ 18} After examining the Mascrete factors, we conclude that no "trial" took place on the motion to intervene: an application for intervention rather than a pleading initiated the process; no hearing took place in court; the decision was based on the pleadings with neither counsel nor the parties present; arguments were not presented in court; the issue decided was ancillary to the primary dispute in this case; and the decision was primarily a legal one. Although the parties may have attached some evidentiary materials to their filings, the trial court's decision to allow PNB to intervene was primarily based on legal rather than factual determinations. Whether PNB has an interest, i.e. a valid lien, in the subject property and whether PNB sought to intervene once its interest in the property was going to be affected by the litigation are mainly legal determinations. Therefore, we conclude that the trial court was not required to issue findings of fact and conclusions of law relating to its decision to grant PNB's motion to intervene, despite Appellants' timely request pursuant to Civ.R. 52.
 {¶ 19} Next, this Court must determine whether the trial court was required to issue findings of fact and conclusions when it granted Appellants' application for attorney's fees. Some appellate courts have concluded that an application for attorney's fees is included in Civ.R. 52's exemption and that findings of fact and conclusions of law are not necessary. See, e.g., Donnell v. Donnell (Sept. 22, 1995), Sandusky App. No. S-94-031. However, other courts have held that the trial court must usually make factual determinations regarding the reasonableness of the fees charged and, therefore, Civ.R. 52 findings of fact and conclusions of law must be made when requested. See, e.g., Brandon/Wiant Company v. Teamor (1999),135 Ohio App.3d 417, 734 N.E.2d 425.
 {¶ 20} Here, although the trial court did not issue separate findings of fact and conclusions of law pertaining to Appellants' application for attorney's fees, it did include specific reasons supporting the award of attorney fees in its judgment entry. "A trial court may substantially comply with Civ.R. 52 where its judgment adequately explained the basis for its decision."Brandon/Wiant at 429, citing Strah v. Lake Cty. HumaneSociety (1993), 90 Ohio App.3d 822, 836, 631 N.E.2d 165, 174. Assuming the trial court was required to comply with Civ.R. 52 when deciding the application for attorney's fees, we conclude that it complied with the rule's mandates by adequately explaining the basis for its decision.
 {¶ 21} Because the trial court was not required to issue findings of fact and conclusions of law pertaining to the application to intervene and because the trial court's entry awarding attorney's fees satisfies the requirements of Civ.R. 52, we conclude that the trial court's failure to specifically address Appellants' motion for findings of fact and conclusions of law does not preclude appellate review of this case.
 B. Motion for Relief From Judgment and/or Motion for Reconsideration {¶ 22} PNB also argues that there is no final appealable order in this case because the trial court has not yet ruled on Appellants' motion seeking relief under Civ.R. 60(B)(5) and/or reconsideration of the trial court's judgment allowing PNB to intervene in this case.
 {¶ 23} First, we note that Civ.R. 60(B) applies only to final appealable orders. See Vanest v. Pillsbury Co. (1997),124 Ohio App.3d 525, 532, 706 N.E.2d 825; see, also, Civ.R. 60(B) ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * *.") (emphasis added); Jarrett v. Dayton Osteopathic Hosp.,Inc. (1985), 20 Ohio St.3d 77, 78, 486 N.E.2d 99. Thus, logically, "Civ.R. 60(B) is not the proper procedural device a party should employ when seeking relief from a non-final order."Vanest at 532-533, 706 N.E.2d 825. If the judgment from which the moving party seeks relief is not final, the motion is properly construed as a motion to reconsider an interlocutory order. See Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378, 423 N.E.2d 1105; Vanest at 534; Wolford v. NewarkCity School Dist. Bd. of Edn. (1991), 73 Ohio App.3d 218,596 N.E.2d 1085.
 {¶ 24} A decision granting a motion to intervene is not a final appealable order. Petty v. Kroger Food Pharmacy,165 Ohio App.3d 16, 2005-Ohio-6641, 844 N.E.2d 869, at ¶ 6; GalliaCounty v. Gallia Cty. Bur. of Vital Statistics (Nov. 26, 1996), Gallia App. No. 96CA3. Therefore, Appellants' motion for relief from judgment could not be properly brought under Civ.R. 60(B) and could be construed only as a motion for reconsideration of the trial court's entry granting PNB's application to intervene.
 {¶ 25} Ordinarily, any pending motions the trial court does not expressly rule on when it renders final judgment are deemed implicitly overruled. Carver v. Map Corporation (Sep. 18, 2001), Scioto App. No. 01CA2757; In re Lewis (Apr. 30, 1997), Athens App. Nos. 96CA1760 and 96CA1763. Therefore, if the trial rendered a final judgment in this case, Appellants' motion for reconsideration is deemed overruled. The trial court's failure to explicitly rule on this motion would not render an otherwise final appealable order interlocutory.
 C. Motion for Final Judgment {¶ 26} Lastly, PNB argues that this Court lacks jurisdiction to decide this appeal because the trial court never ruled on Appellants' motion for final judgment asking the trial court to issue a single entry containing three separate decisions,[2] to enter final judgment on Appellants' Civ.R. 60(B) motion, to rule on all pending matters, and to include the Civ.R. 54(B) "no just reason for delay" language in that decision. PNB contends that Appellants, by filing this motion seeking a finding by the court that there was "no just reason for delay," recognized that the trial court had not yet issued a final appealable order. PNB also argues that Appellants recognized no "final judgment" would occur until the court ruled on their Civ.R. 60(B) motion.
 {¶ 27} There are flaws with PNB's argument. First, Appellants' beliefs as to whether the court needed to include "no just reason for delay" language in its entry has no bearing on whether such language was actually necessary to render the court's decision a final appealable order. Second, at the time Appellants filed this motion, the trial court had not yet ruled on the priority of the parties' interests in Cody-Zeigler's property. Therefore, at that time, there were still issues pending before the court and, until those issues were resolved, the court's judgment would not be a final appealable order.
 {¶ 28} As we stated previously, motions that a trial court fails to explicitly rule upon are deemed denied once a court enters final judgment. Therefore, assuming a final judgment was entered in this case, Appellants' motion requesting the entry of a "final" judgment entry containing Civ.R. 54(B) language would be deemed implicitly overruled.
 {¶ 29} In summary, we conclude that the trial court's failure to rule on three of the motions Appellants filed would not preclude entry of a final appealable order in this case.
 2. Absence of Civ.R. 54(B) Language {¶ 30} PNB also argues that Count II of the complaint remains pending against Cody-Zeigler and, until that claim is resolved, no final appealable order can be entered unless that order contains Civ.R. 54(B) language. And, since none of the trial court's entries contain Civ.R. 54(B) language, there is no final appealable order.
 {¶ 31} Appellants contend that they properly dismissed Count II of the complaint and, therefore, Civ.R. 54(B) language is unnecessary. Appellants also argue that PNB lacks standing to challenge their dismissal of Count II because it was not a party to the action at the time Appellants filed the dismissal notice. We reject Appellants' second argument outright because the existence of a final appealable order is a jurisdictional question that this Court can, and must when necessary, raise sua sponte. See In re Murray (1990), 52 Ohio St.3d 155, 160, at fn. 2, 556 N.E.2d 1169. Therefore, PNB's "standing" to raise this issue is immaterial.
 {¶ 32} When Appellants filed their complaint, they alleged two claims against Cody-Zeigler: failure to pay the prevailing wage and unlawful retaliation. After the trial court granted summary judgment in their favor on the first count, Appellants filed an "Agreed Entry of Voluntary Dismissal" of Count II pursuant to Civ.R. 41(A) approved by counsel for Cody-Zeigler and counsel for CCSEO. PNB contends that this dismissal entry has no effect because Civ.R. 41(A) authorizes the dismissal of a complaint against a defendant, but not a single claim.
 {¶ 33} Civ.R. 41(A) states:
(1) By plaintiff; by stipulation. Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;
(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.
Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.
* * *
A plain reading of Civ.R. 41(A) reveals that it allows a plaintiff "to dismiss all claims" asserted against a defendant, but contains no mechanism for the dismissal of a single claim.
 {¶ 34} Although this Court has never specifically addressed whether an attempt to dismiss a single claim against a party is permissible under Civ.R. 41(A), other appellate courts have determined that it is not. In Borchers v. Winzeler ExcavatingCo. (Apr. 10, 1992), Montgomery App. No. 13297, the Second District Court of Appeals held:
In our view, Civ.R. 41(A)(1) creates a mechanism whereby a plaintiff may voluntarily dismiss his entire action, without prejudice. It does not provide for the dismissal, without prejudice, of part of a cause of action. To do so would permit piecemeal litigation and piecemeal appeals, which are disfavored in the law.
The Fifth District Court of Appeals followed this analysis inKildow v. Home Town Improvements, Muskingum App. No. CT2001-0057, 2002-Ohio-3824, at ¶¶ 10-11, in determining that the appellant's attempt to dismiss certain contract claims without dismissing the entire action via Civ.R. 41(A)(1) was a nullity. See, also, Reagan v. Ranger Transp., Inc. (1995),104 Ohio App.3d 15, 18, 660 N.E.2d 1234 (a party cannot dismiss some claims pursuant to Civ.R. 41(A)(1)(a) because that rule permits only the dismissal of actions). As these courts have recognized, the proper way to dismiss claims in a multi-count complaint is by amending the complaint pursuant to Civ.R. 15(A). Kildow at ¶ 10; Reagan at 18, citing Serotko v. State Farm Fire Cas.Co. (Sept. 9, 1994), Trumbull App. No. 94-T-5045.
 {¶ 35} Because Count II of Appellants' complaint could not be dismissed under Civ.R. 41(A), the "Agreed Entry of Voluntary Dismissal" of that count is a nullity and Count II of the complaint remains pending. When an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ.R. 54(B) that there is no just cause for delay, the order is not final and appealable. Noble v.Colwell (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381; Jarretv. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77,486 N.E.2d 99, syllabus.[3]
 {¶ 36} Count II of Appellants' complaint remains pending and the trial court has not certified that "there is no just reason for delay" in accordance with Civ.R. 54(B). Therefore, we conclude that the judgment entries appealed from are not final appealable orders.
 {¶ 37} Because no final appealable order exists in this case, we are without jurisdiction to decide this appeal. Accordingly, we GRANT PNB's motion and dismiss this appeal. Any pending motions which have not been resolved are deemed DENIED.
 APPEAL DISMISSED. COSTS TO APPELLANTS.
Harsha, P.J. Abele, J.: Concur.
[1] The trial court later added statutory penalties totaling $5,153.86 to these judgment amounts.
[2] These three decisions include the trial court's August 22, 2002 entry granting summary judgment to Appellants on Count I of their complaint against Cody-Zeigler, the court's October 21, 2002 entry adding statutory penalties to the summary judgment entered against Cody-Zeigler, and the court's February 4, 2005 entry awarding attorney's fees to Appellants.
[3] Appellants cite this Court's decision in Thibodeaux v. B E K Constr. Co., Ross App. No. 04CA2761, for the proposition that an unresolved retaliation claim does not preclude appellate review of the trial court's decision as to other claims. However, in Thibodeaux, the trial court certified that there was "no just cause for delay." Id. at ¶ 14.