[Cite as *Ray v. Wal-Mart Stores, Inc.*, 2011-Ohio-5142.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| Marianne Ray, et al., | : | Case No. 10CA27 |
| Plaintiffs-Appellants, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| Wal-Mart Stores, Inc., et al., | : | |
| | | **RELEASED: 09/28/11** |
| Defendants-Appellees. | : | |

_____
<u>APPEARANCES</u>:

John E. Triplett, Jr., and Daniel P. Corcoran, Marietta, Ohio, for appellants.

D. Patrick Kasson and Melvin J. Davis, REMINGER CO., LPA, Columbus, Ohio, for appellees.
_____
Harsha, P.J.

{¶1}   Marianne and John Ray appeal the decision granting summary judgment in favor of Wal-Mart Stores, Inc. and related entities.  The Rays filed a negligence action after Marianne tripped and fell on produce crates that were partially protruding from underneath a display table in the produce section of the Wal-Mart in Marietta, Ohio. The trial court concluded there were no genuine issues of fact concerning whether Wal-Mart breached a duty of care and granted summary judgment in its favor.  The Rays contend a genuine issue exists for trial concerning whether Wal-Mart created the hazard by placing the crates in the produce section.

{¶2}   However, we lack jurisdiction over this appeal because the summary judgment is not a final appealable order.  Along with their claim of negligence, the Rays filed a claim asserting "spoliation of evidence," essentially alleging that Wal-Mart destroyed videotapes of the accident.  Neither the trial court nor the parties addressed

this claim in the summary judgment proceedings.  Before filing this appeal, the Rays filed a "notice of partial dismissal" purporting to voluntarily dismiss the spoliation claim under Civ.R. 41(A).  However, Civ.R. 41(A) permits a plaintiff to dismiss "all claims" asserted against a defendant, i.e., the entire complaint.  A plaintiff cannot use Civ.R. 41(A) to voluntarily dismiss claims yet to be decided in the trial court for the purposes of creating a final order on the claims that the court has ruled on, e.g., claims disposed of through summary judgment.  Accordingly, we dismiss this appeal.

## I.  Summary of the Case

{¶3}    Marianne filed a complaint against Wal-Mart alleging that, while shopping in the produce section of the Marietta Wal-Mart store, she tripped over stacked black produce crates that were partially protruding from underneath a produce display table. John Ray, her husband, also alleged damages from his loss of consortium. Additionally, the complaint set forth a "spoliation and destruction of evidence" claim, which alleged that Wal-Mart failed to preserve videotape evidence related to the accident .

{¶4}    Wal-Mart filed a motion for summary judgment arguing that the protruding black crates were an "open and obvious" hazard, thus obviating it of a duty to warn Marianne.  The trial court agreed and granted summary judgment in its favor.  It then issued a judgment entry ordering, "Plaintiffs' Complaint is dismissed, with prejudice."

{¶5}    We reversed on appeal, concluding that a genuine issue of fact remained concerning whether the partially protruding crates constituted an open and obvious hazard.  See *Ray v. Wal-Mart Stores, Inc.*, Washington App. No. 08CA41, 2009-Ohio-

4542, at ¶41.[1]  Our opinion also noted that when the trial court granted Wal-Mart

summary judgment it dismissed the Rays' complaint in full, apparently including the

spoliation of evidence claim. Id. at ¶42, fn.3.  In dicta, we observed that the law

generally prohibits sua sponte dismissal of claims not raised or argued in summary

judgment proceedings. Id.  But because neither party raised the issue we did not

address it either and concluded that our reversal of the trial court's summary judgment

permitted Ray to "proceed with this [spoliation] claim on remand."  Id.

{¶6}    After our remand, Wal-Mart filed a second motion for summary judgment,

this time arguing that no genuine issues of fact existed concerning a breach of any duty

owed to Marianne.  The trial court again granted summary judgment in favor of Wal-

Mart, but noted that the "spoliation of evidence" claim remained pending.  Five days

before filing the notice of appeal in this case, the Rays filed a "notice of partial

dismissal" in which they purported to dismiss the spoliation claim, under Civ.R. 41(A).

## II. Assignment of Error

{¶7}    The Rays present one assignment of error:

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE

DEFENDANTS-APPELLEES BECAUSE THERE ARE GENUINE ISSUES OF

MATERIAL FACT REGARDING LIABILITY.

## III. No Final Appealable Order

{¶8}    Neither party addresses it, but before we can approach the merits of this

appeal, we must decide whether we have jurisdiction to do so.  Appellate courts "have

such jurisdiction as may be provided by law to review and affirm, modify, or reverse

---

[1] Judge Abele's opinion indicated a genuine issue of fact existed.  However, Judge Kline concurred in "judgment only" and Judge Harsha concurred in judgment only with an opinion that concluded the crates were not an open and obvious hazard as a matter of law.

judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" Section 3(B)(2), Article IV, Ohio Constitution; see, also, R.C. 2505.03(A). If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. *Eddie v. Saunders,* Gallia App. No. 07CA7, 2008-Ohio-4755, at ¶11. If the parties do not raise the jurisdictional issue, we must raise it sua sponte. *Sexton v. Conley* (Aug. 7, 2000), Scioto App. No. 99CA2655, 2000 WL 1137463, at *2.

**{¶9}**  Under R.C. 2505.02, an order is final when it is: an order that affects a substantial right in an action that in effect determines the action and prevents a judgment; an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment; an order that vacates or sets aside a judgment or grants a new trial; or an order that grants or denies a provisional remedy. R.C. 2505.02(B)(1)-(4). "A final order determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings." *Savage v. Cody-Ziegler, Inc.,* Athens App. No. 06CA5, 2006-Ohio-2760, at ¶8, citing *Catlin v. United States* (1945), 324 U.S. 229, 233, 65 S.Ct. 631 and *Coey v. U.S. Health Corp.* (Mar. 18, 1997), Scioto App. No. 96CA2439, 1997 WL 142386.

**{¶10}**  When a court issues a judgment that disposes of some claims but leaves other claims pending, the order is final and appealable only if the judgment complies with Civ.R. 54(B), which states:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶11}  Civ.R. 54(B) allows a trial court to enter final judgment as to one or more but fewer than all claims in a multi-claim action only upon an express determination of "no just reason for delay."  Without this language, a reviewing court does not have jurisdiction and must dismiss the appeal.  See, *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381.

{¶12}  In this case, the court's decision granting Wal-Mart summary judgment on the Rays' negligence claim did not address the spoliation claim and specifically noted that it remained pending.  And the summary judgment decision did not contain Civ.R. 54 language.

{¶13} In an apparent attempt to create a final appealable order, the Rays filed a "notice of partial dismissal" that purported to dismiss the spoliation claim under Civ.R. 41(A), which provides:

* * * a plaintiff, without order of court, may dismiss *all claims* asserted by that plaintiff against a defendant by doing either of the following:

(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.
(Emphasis added.)

{¶14} In *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, the Supreme Court held that "when a plaintiff has asserted multiple claims against one defendant, and some of those claims have been ruled upon but not converted into a final order through Civ.R. 54(B), the plaintiff may not create a final order by voluntarily dismissing pursuant to Civ.R. 41(A) the remaining claims against the same defendant." Id. at ¶1. This is because Civ.R. 41(A) only allows for the dismissal of *all claims* against a defendant. Id. at ¶20; see, also, *Savage*, supra, at ¶33. "It does not provide for the dismissal, without prejudice, of part of a cause of action."

*Pattison* at ¶19, quoting *Borchers v. Winzeler Excavating Co.* (Apr. 10, 1992), Montgomery App. No. 13297, 1992 WL 82681, at *1 (per curiam). *Pattison*, like the case at hand, involved a plaintiff that attempted to create a final order by voluntarily dismissing a claim not disposed of in summary judgment proceedings through Civ.R. 41(A). Id. at ¶¶2-5.

{¶15} *Pattison* dictates the outcome here. The Rays could not voluntarily dismiss the remaining spoliation claim through a Civ.R. 41(A) voluntary dismissal. That claim remains pending in the trial court. And the trial court did not finalize its summary judgment decision with Civ.R. 54 language. Therefore, the decision appealed from is not final and appealable and we lack jurisdiction to proceed with the merits of this appeal.

## IV. Conclusion

{¶16} No final appealable order exists in this case and we must dismiss the Rays' appeal. On remand, the Rays may proceed with the merits of their spoliation claim. Alternatively, they may consider seeking leave to amend the complaint under Civ.R. 15(A) if appropriate. See *Pattison* at ¶19 (observing in dicta that some appellate courts have concluded "the proper procedure for a plaintiff to dismiss fewer than all claims against a single defendant is to amend the complaint pursuant to Civ.R. 15(A)." Citing *Reagan v. Ranger Transp., Inc.* (1995), 104 Ohio App.3d 15, 18, 660 N.E.2d 1234; *Kildow v. Home Town Improvements,* Muskingum App. No. CT2001-0057, 2002-Ohio-3824; *Lewis v. J.E. Wiggins & Co.,* Franklin App. Nos. 04AP-469, 04AP-544, and 04AP-668, 2004-Ohio-6724).

APPEAL DISMISSED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL BE DISMISSED and that Appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY:  _____
William H. Harsha, Presiding Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**