JOURNAL ENTRY and OPINION CONCURRING OPINION
{¶ 1} Plaintiff-appellant William Rodgers appeals from a common pleas court order granting partial summary judgment for defendant-appellee Tiffin Loader Crane Company as to his claim against it for supplier liability. Rodgers urges that this decision was erroneous because there was a genuine issue of material fact as to whether Tiffin Loader was the manufacturer or a supplier of the crane on which Rodgers was injured. We find the common pleas court's order is not final and appealable. Rodgers' claims for breach of warranty remain pending; the court did not certify that there was no just reason for delay. Therefore, this appeal is dismissed.
 {¶ 2} Rodgers filed this action against six named defendants and some twenty-one "John Doe" entities and individuals on March 12, 2001. The complaint alleged that Tiffin Loader and other defendant businesses negligently "researched, tested, manufactured, designed, developed, distributed, labeled, advertised, marketed and/or inspected" the crane upon which Rodgers was injured; that they "manufactured, constructed, built, fabricated, designed, assembled, distributed, sold, marketed, tested and/or advertised" a defective product; and that they breached express and implied warranties. Furthermore, the complaint alleged that Tiffin Loader was a supplier of the crane, which was a defective product. The complaint also included claims against Rodgers' employer and the company which maintained the crane.
 {¶ 3} In the course of this action, the court either dismissed the claims against the other five named defendants or granted summary judgment in their favor.[1] Tiffin Loader moved for summary judgment, averring that "[p]laintiff has instituted the within action sounding in supplier liability against Tiffin Loader Crane Company," and asserting that there was no evidence to support such a claim.[2] The court granted this motion "as to the supplier liability claim only," but "reserve[d] ruling on the remaining issues briefed in said motion for summary judgment."
 {¶ 4} Rodgers subsequently filed a "notice of voluntary dismissal" which provided: "Plaintiff voluntarily dismisses without prejudice solely the outstanding negligence claims against Tiffin Loader. All remaining claims against Tiffin Loader have been previously adjudicated and dismissed by this Court in its June 6, 2003 order granting Tiffin Loader's Motion for Summary Judgment relative to strict product liability claims." The court "so ordered" on November 7, 2003.
 {¶ 5} The court's summary judgment ruling did not adjudicate all claims against Tiffin Loader other than his negligence claim. The complaint also stated claims against Tiffin Loader for breach of express and implied warranties. These claims have not been adjudicated yet, nor were they dismissed by the court.[3]
Therefore, without Civ.R. 54(B) certification, the court's order is not final.
 {¶ 6} See Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus; Stohlmann v. Koski-Hall, Cuyahoga App. No. 82660, 2003-Ohio-7068, ¶¶ 8-9.
 {¶ 7} Accordingly, we dismiss.
 {¶ 8} This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. Concurs.
 Karpinski, J. Concurs in Judgment only with separateConcurring Opinion.
[1] Specifically, Rodgers voluntarily dismissed his claims against Tractor Maintenance and Supply and HIAB AB with prejudice. The court granted defendant Cargotec, Inc.'s motion to dismiss the claims against it for failure to state a claim. The court further granted summary judgment for defendants Model Land and Matthew Kish.
[2] The supporting affidavit of Joseph Irving, Sr., which was allegedly attached to Tiffin Loader's motion for summary judgment, does not appear in the record.
[3] We question whether a plaintiff may voluntarily dismiss, without court order, fewer than all claims asserted against a defendant. See Civ.R. 41(A)(1)(a) (allowing "a plaintiff, without order of court," to "dismiss all claims asserted by that plaintiff against a defendant" by "filing a notice of dismissal at any time before the commencement of trial"); cf. Denham v.New Carlisle (1999), 86 Ohio St.3d 594. However, we need not decide this question here, because the court ordered the dismissal of the negligence claim against Tiffin Loader. See Civ.R. 41(A)(2) ("[e]xcept as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper"). This dismissal entry did not dispose of all remaining claims against Tiffin Loader, however.