JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Wally Pattison appeals from a summary judgment in favor of defendant-appellees W.W. Grainger, Inc. and Sam DiMeo on his complaint alleging age discrimination. We find that appellant did not timely file this appeal under App.R. 4(A). We therefore lack jurisdiction and must dismiss the appeal.
 {¶ 2} Appellant filed a two-count complaint alleging age discrimination and violation of public policy. The court granted Grainger and DiMeo summary judgment on the age discrimination count, and appellant appealed. We dismissed the appeal for want of a final appealable order under Civ.R. 54(B) because the public policy claim remained extant. See Pattison v. W.W. Grainger, Inc., Cuyahoga App. No. 86698, 2006-Ohio-1845. On June 29, 2006, Pattison voluntarily dismissed the public policy claim pursuant to Civ.R. 41(A)(1)(a) to perfect a final appealable order. He then filed his notice of appeal on August 9, 2006.
 {¶ 3} App.R. 4(A) states that a party shall file a notice of appeal within "thirty days of the later of entry of the judgment or order appealed * * *." Appellant apparently appealed from the court's July 10, 2006 memorialization of the June 29, 2006 voluntary dismissal. This was erroneous, however, as a Civ.R. 41(A)(1)(a) voluntary dismissal is self-executing — it is effective upon filing. James v. Allstate Ins.Co. (Mar. 16, 2000), Cuyahoga App. No. 75993; Howard v. Fiyalko (Oct. 29, 1998), Cuyahoga App. No. 74308. Since a voluntary dismissal is effective upon filing, it requires no court entry acknowledging the dismissal. Payton v. Rehberg (1997), *Page 2 119 Ohio App.3d 183; Andrews v. Sajar Plastics, Inc. (1994),98 Ohio App.3d 61. The time in which to appeal began to run on June 29, 2006, not July 10, 2006. More than 30 days had elapsed by August 9, 2006, so appellant did not timely file his notice of appeal.
 {¶ 4} This discussion presupposes that a party may, under Civ.R. 41(A)(1), voluntarily dismiss one of multiple claims for relief as opposed to an entire action. Civ.R. 41(A)(1)(a) states "a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant" by filing a notice of dismissal "at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant[.]" (Emphasis added.)
 {¶ 5} Most of the courts in this state have construed the language "all claims" literally and have held that a party cannot create a final order by dismissing less than all claims for relief against a defendant. For example, in Borchers v. Winzeler Excavating Co. (Apr. 10, 1992), Montgomery App. No. 13297, the Second Appellate District stated, "[i]n our view, Civ.R. 41(A)(1) creates a mechanism whereby a plaintiff may voluntarily dismiss his entire action, without prejudice. It does not provide for the dismissal, without prejudice, of part of a cause of action. To do so would permit piecemeal litigation and piecemeal appeals, which are disfavored in the law." See, also, Savage v.Cody-Zeigler, Inc., Athens App. No. 06CA5, 2006-Ohio-2760, TJ34-35. It has been suggested that amending a complaint pursuant to Civ.R. *Page 3 
15(A) is the proper procedure to dismiss claims in a multi-count complaint. See, e.g., Reagan v. Ranger Transp., Inc. (1995),104 Ohio App.3d 15, 18, citing Serotko v. State Farm Fire . Cas. Co. (Sept. 9, 1994), Trumbull App. No. 94-T-5045; Kildow v. Home TownImprovements (July 23, 2002), Muskingum App. No. CT2001-9957; Lewis v.J.E. Wiggins Co., Franklin App. Nos. 04AP-469, 04AP-544 and 04AP-668,2004-Ohio-6724.
 {¶ 6} These appellate districts distinguish between the dismissal of parties and the dismissal of claims for relief. In Denham v. City of NewCarlisle, 86 Ohio St.3d 594, 1999-Ohio-128, the syllabus states "[a] trial court's decision granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1)." Consistent with Denham, these districts conclude that the dismissal of remaining parties is tantamount to the dismissal of an "action," while dismissal of one or more claims for relief is not.
 {¶ 7} This court has not followed these districts. In Montgomery v.Zalud (Aug. 20, 1998), Cuyahoga App. No. 73021, the panel stated:
 {¶ 8} "The issue of appealability concerning single party, multi-claim cases, where a remaining claim is voluntarily dismissed, has met with opposing interpretations among the Ohio appellate courts. However, this court in Eiland v. Coldwell Banker Hunter Realty (August 14, 1997), Cuyahoga County App. No. *Page 4 
71369, unreported, recently addressed the guidelines for Civ.R. 54(B) application[1] to determine what constitutes a final appealable order, and concluded that in cases where a party has received a partial judgment and voluntarily dismisses a claim in a single party suit, or a defendant in a multi-party suit, that partial judgment becomes a final judgment subject to appeal. Eiland, supra; see, also, Coffey v.Foamex (C.A.6, 1993), 2 F.3d 157, 159 ('Plaintiff voluntarily dismissed these claims without prejudice on July 16, 1992 rendering the [March 4, 1992 summary judgment] order final and appealable'); General Aviation,Inc. v. Cessna Aircraft Co. (C.A.6, 1990), 915 F.2d 1038, 1040 (General Aviation's voluntary dismissal of its sole remaining claim after the court granted partial summary judgment in favor of Cessna on all other claims made the district court's order final under Fed.R.Civ.P. 54(B)). The logic behind this interpretation is that although the partial judgment at the time just prior to the voluntary dismissal is inchoate or interlocutory, once the remaining claim(s) or party(s) are voluntarily dismissed, a final judgment is rendered. Id. To hold the opposite, as many appellate courts have, would frustrate the purpose of Civ.R. 41(A), and thwart otherwise worthy appeals. Id."
 {¶ 9} We recognize that this court's precedent conflicts with the near unanimity of our other appellate districts.[2] Nevertheless, our precedent has served this district well. It streamlines the process for obtaining final orders when Civ.R. 54(B) certification has not been obtained. Judicial economy is promoted by expediting the voluntary dismissal of a claim for relief _ it has been our experience that plaintiffs who voluntarily dismiss a cause of action in order to create a final order rarely, if ever, refile those dismissed claims. Piecemeal litigation has not resulted from our policy, and even if it did, it would be no different than the piecemeal litigation expressly sanctioned by Civ.R. 54(B).
 {¶ 10} We view our procedure as preferable to the more cumbersome alternative whereby a party would have to amend a complaint under Civ.R. 15(A) in order to delete a claim for relief. See, e.g., Lee v. GrossLumber Co. (1989), 57 Ohio App.3d 52, 53. Our misgivings with this approach are based on the impracticality of forcing a party to seek leave to amend a complaint in order to delete a claim for relief from a complaint. It is an awkward and protracted procedure in which the party seeking amendment would first be required to seek leave of court or *Page 5 
dismissals of causes of action. In Rodgers v. Cargotec, Inc., Cuyahoga App. No. 83774, 2004-Ohio-2848, the panel questioned "whether a plaintiff may voluntarily dismiss, without court order, fewer than all claims asserted against a defendant." Id. at fn.3. The panel did obtain written consent by the opposing party before amendment. See Civ.R. 15(A). The opposing party would then have 14 days in which to respond. Id. There is nothing economical in the Civ.R. 15(A) approach. *Page 6 
 {¶ 11} Civ.R. 54(B) certification is the preferred method for obtaining a final order in cases where the plaintiff has one or more claims for relief that remain pending in the trial court. In cases like this, however, where a party deletes a claim for relief in order to create a final order, we continue to adhere to our prior precedent and hold that a plaintiff may, under Civ.R. 41(A)(1)(a), voluntarily dismiss a single cause of action or multiple causes of action in a multi-count complaint. When appellant voluntarily dismissed the public policy claim, he converted the non-final summary judgment on the age discrimination claim into a final order. That dismissal became effective upon filing, not memorialization by the court. It follows that appellant did not timely file his notice of appeal. We therefore lack jurisdiction to hear this appeal.[3]
Appeal dismissed.
It is ordered that appellees recover of appellant their costs herein taxed. *Page 7 
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and PATRICIA ANN BLACKMON, J., CONCUR.
[1] Those guidelines state:
 "1. Civ. R. 54(B) will be applied only where there are claims or actions against parties still presently pending in the trial court.
 "2. If claims or actions against former parties were dismissed without prejudice at any time during the proceedings below, they will be treated "as if no action had been brought at all" as to those parties. DeVille Photography, Inc. v. Bowers (1959), 169 Ohio St. 267, 272, 159 N.E.2d 443; Johnston v. Cartwright (C.A.8, 1965), 344 F.2d 773, 774.
 "3. Where it appears that claims or actions are still pending between or among some or all of the parties below, are not otherwise moot, and the trial court has not properly certified that there is "no just reason for delay" under Civ. R. 54(B), the case will be dismissed sua sponte with the right of reinstatement after obtaining a final appealable order."
[2] At least one other panel of this court has raised the issue of voluntary not need to answer that question as it decided the case on other grounds.
[3] In light of the obvious conflict between this district and others on the voluntary dismissal issue, we have, concurrent with the release of this opinion, certified to the supreme court the following question: in a case where a plaintiff has asserted multiple claims against a single defendant and some of those claims have been ruled upon but not converted into a final order with Civ.R. 54(B), can the plaintiff create a final order by voluntarily dismissing pursuant to Civ.R. 41(A) the remaining claims asserted against that defendant. *Page 1