JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In Appeal No. 90120, defendant-appellant Todd Jones appeals from a common pleas court order granting partial summary judgment in favor of plaintiff-appellee Marcia Beck and her son, third-party defendant-appellee Kenneth Beck, on Jones's claim for personal injuries he suffered in a fall on the Becks' property. In Appeal No. 91056, plaintiff-appellant, Marcia Beck, and third-party defendant-appellant, Kenneth Beck, appeal from a common pleas court order entered January 22, 2008 granting defendant-appellee Todd Jones's motion for relief from judgment pursuant to Civ. R. 60(B). Sua sponte, we consolidate these appeals for disposition.
 {¶ 2} We lack jurisdiction to review the interlocutory order granting partial summary judgment from which appellant Jones has appealed in Appeal No. 90120, because the entire case was subsequently dismissed, with prejudice, on the parties' stipulation. See Civ. R. 41(A)(1)(b);Myers v. State Farm Ins., Cuyahoga App. No. 81162, 2003-Ohio-174. The dismissal of the case with prejudice rendered the previous partial summary judgment a nullity. Therefore, we must dismiss Appeal No. 90120 for lack of jurisdiction.
 {¶ 3} We further find the common pleas court lacked jurisdiction to rule on Jones's motion for relief from judgment because the case was already pending on appeal in Appeal No. 90120 and had not been remanded by this court. Therefore, the January 22, 2008 order was void. We do not have jurisdiction to review a void order. Therefore we must also dismiss Appeal No. 91056. *Page 4 
 Procedural History {¶ 4} The procedural history of this case is tortuous. In her complaint filed August 25, 2006, Marcia Beck alleged that she entered into a contract with Jones pursuant to which she agreed to purchase real property from Jones and Jones agreed to make improvements to the property. Beck asserted that Jones transferred the property to her on August 24, 2005, and she paid Jones $195,000 for the property and improvements, but she cancelled the contract on August 11, 2006. Beck claimed that Jones breached the contract by failing to perform the work in a competent, workmanlike manner. She further claimed that Jones violated the Home Solicitation Sales Act ("HSSA") and Consumer Sales Practices Act ("CSPA"). Last, she claimed that Jones negligently performed the work on her home. Beck sought an award of damages for the breach of contract and negligence, as well as treble damages for the violations of the HSSA and CSPA. She also sought to cancel or rescind the contract. Finally, she requested a declaration that Jones violated the HSSA and CSPA and an injunction against the continuation of these practices.
 {¶ 5} Jones answered and made a counterclaim and third-party complaint against Beck and her son, Kenneth Beck (collectively, "the Becks"). In his counterclaim/third-party complaint, Jones claimed that he was not able to complete the work on the premises because Kenneth Beck pushed him down a set of stairs and told him not to return to the job site. Jones asserted that this action constituted a breach of the parties' contract. Second, he contended that the Becks negligently *Page 5 
failed to remove ice and snow from their premises and refused to allow him to do so, as a result of which he slipped and fell. When he slipped, a nail gun discharged a nail into his ankle. Jones also asserted that the Becks did not provide him with a safe place to work.
 {¶ 6} On April 2, 2007, Jones filed a motion for summary judgment on Marcia Beck's claims under the CSPA and HSSA. Marcia Beck did not respond. However, the Becks did file a motion for partial summary judgment on Jones's personal injury claim. On June 11, 2007, the trial court granted both motions.
 {¶ 7} On June 12, 2007, the parties filed a "stipulation for dismissal and judgment entry" which stated: "We, the attorneys for the respective parties, do hereby stipulate [t]he case is settled and dismissed with prejudice at defendant's cost. All claims by both parties have been settled and dismissed and that the Court may enter an order accordingly, notice by the clerk being hereby waived." The court "so ordered." On July 9, 2007, Jones appealed from the summary judgment entered in the Becks' favor on his personal injury claim, Appeal No. 90120.
 {¶ 8} On November 29, 2007, Jones filed a motion for relief from judgment or to amend the judgment entry nunc pro tunc "to reflect the true understanding of the parties to this case." On January 22, 2008, the court granted this motion, stating that "the June 12, 2007 stipulation that all claims were settled and dismissed was a mistake on behalf of the parties. The contract claims were settled and dismissed *Page 6 
while the personal injury claim was subject to appeal based on this court's decision to grant summary judgment against the movant Jones in favor of plaintiff Beck."
 {¶ 9} The Becks immediately filed a motion to vacate the court's order granting Jones's motion to vacate on the ground that the trial court lacked jurisdiction while the case was pending on appeal. They filed their notice of appeal from the January 22 order on February 20, 2008. On that same date, February 20, 2008, this court entered the following order in Appeal No. 90120:
 * * * * This case is remanded to the trial court to clarify the disposition of the claims by the parties, including: the scope of the voluntary dismissal and corresponding journal entry (#39) filed on June 12, 2007; the scope of the entry of summary judgment in favor of the various parties (#38); the disposition of the claim for declaratory judgment (this court is unable to identify a journal entry in which the trial court has declared the rights of the parties. * * * *); and whether any claims remain pending.
 This court also notes that while an appeal is pending, a trial court does not have jurisdiction to consider a Civ. R. 60(B) motion for relief from judgment unless the appellate court remands the case to the trial court. * * * * Accordingly, this case is also remanded to the trial court for consideration of any Civ. R. 60(B) motion which has been pending at any time after the filing of the notice of appeal in this case. * * * *
On remand, the trial court entered the following order:
 Upon remand of the case from the Eighth District Court of Appeals, this Court hereby clarifies the disposition of the claims as follows:
 On June 11, 2007, this Court granted Defendant Jones' April 2, 2007 Partial Motion for Summary Judgment as to Count II (Violations of Home Solicitation Sales Act/Violations of Consumer Sales Practices Act). Since Count II was dismissed, Plaintiff's request for declaratory relief under the HSSA and CSPA was denied. Plaintiff's claims for breach of contract (Count I) and negligence (Count II) remained active. *Page 7 
 This Court also partially granted Plaintiff's and Third Party Defendant's 4/2/07 partial motion for summary judgment. The motion was granted only as to Count II (negligence) and Count IV (failure to furnish a safe place to work). Defendant's breach of contract claims as stated in Count I and Count III remained active.
 On the day of trial, the Parties entered into a stipulation that all claims between them were settled and dismissed. The settlement stipulation was docketed on June 12, 2007. The Plaintiff's breach of contract and negligence claims as well as Defendant's breach of contract claims were dismissed. As this Court had previously granted Plaintiff's motion for summary judgment on Defendant's personal injury claim, it was not part of [the] settlement stipulation. Since all claims between the parties were either dismissed by this Court or settled between the parties, the case was disposed.
 Defendant filed a notice of appeal on July 9, 2007. On November 29, 2007, Defendant filed a motion to amend journal entry nunc pro tune
[emphasis in original], with alternative motion for relief from judgment. The Eighth District Court of Appeals remanded the case to this Court on February 20, 2008, instructing this Court to properly consider and rule upon said motion.
 Accordingly, Defendant's Motion for Relief from Judgment pursuant to Rule 60(B) is granted. It is evident that the stipulation for dismissal dated June 12, 2007 did not include Defendant's personal injury claim: this Court had, upon motion, dismissed the personal injury claims on June 11, 2007 and the parties signed a subsequent settlement agreement docketed June 12, 2007 which indicates the remaining counts were settled.
 Law and Analysis
Appeal No. 90120 — Partial Summary Judgment. {¶ 10} Appeal No. 90120 seeks review of the trial court's order granting partial summary judgment to the Becks on Jones's personal injury claim. This was an interlocutory order entered June 11, 2007 which Jones claimed to have become final and appealable when the stipulated dismissal entry was filed on June 12, 2007. The stipulated entry "settled and dismissed" "the case," "with prejudice." We find *Page 8 
that this entry dismissed all claims by all parties, including those on which the court had entered an interlocutory partial summary judgment. Because the claims were dismissed with prejudice, the summary judgment was not appealable.
 {¶ 11} The procedural setting of Myers v. State Farm Insurance, Cuyahoga App. No. 81162, 2003-Ohio-174, appeal denied,99 Ohio St.3d 1412, 2003-Ohio-2454, is very similar to the case at hand. InMyers, the trial court granted partial summary judgment in favor of one of the multiple defendants, and subsequently ordered that the "[c]ase is dismissed as to all parties. Case is now dismissed as to all parties with prejudice." We held that the only reasonable construction of this order meant that the court had dismissed all claims against all parties, including those as to whom interlocutory judgments had been granted.Myers, at ¶ 12. Therefore, the summary judgment was not appealable.
 {¶ 12} This case is not analogous to Denham v. New Carlisle,86 Ohio St.3d 594, 1999-Ohio-128. In Denham, the supreme court held that a plaintiff could preserve for review a partial summary judgment on all claims against one defendant while voluntarily dismissing, without prejudice, all claims against the other defendants. In this case, by contrast, the parties voluntarily dismissed the "case" "with prejudice" after the court granted partial summary judgment on some claims against the sole defendant in the case. Dismissal of the "case" subsumes all claims against all parties. No prior ruling on the merits of any claim survived this dismissal order. *Page 9 
 {¶ 13} Nor is this case analogous to Pattison v. W. W. Grainger,Inc., Cuyahoga App. No. 88556, 2007-Ohio-3081, now pending before the Ohio Supreme Court on a certified conflict, Ohio Supreme Court Case No. 2007-1345. In Pattison, this court held that voluntary dismissal of one claim preserved for review a prior partial summary judgment on other claims. Again, however, in this case, the parties' stipulation dismissed the "case," not particular claims. Therefore, no prior rulings were preserved for review, [1] and we have no jurisdiction to review the interlocutory orders of the trial court.
Appeal No. 91056 — Ruling on Motion for Relief from Judgment. {¶ 14} Appeal No. 91056 challenges the common pleas court's order of January 22, 2008. The common pleas court plainly lacked jurisdiction to enter this order because the case was pending on appeal in Appeal No. 90120 at the time this ruling was entered. Howard v. Catholic SocialServs. of Cuyahoga Cty., Inc., 70 Ohio St.3d 141, 147, 1994-Ohio-219. An order entered without jurisdiction is void. A void judgment is necessarily not a final and appealable order. State v. Kenney, Cuyahoga App. Nos. 81752 and 81879, 2003-Ohio-2046, ¶ 59. Therefore, we also lack jurisdiction over this appeal and must dismiss it as well.
 {¶ 15} Both Appeal No. 90120 and Appeal No. 91056 are dismissed. *Page 10 
It is ordered that each party shall bear his or her own costs herein.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] The trial court's "clarification" of its dismissal order on remand from this court did nothing to change the result here. The trial court had the power to correct one of its own entries, nunc pro tunc, to reflect what actually occurred. However, the parties' stipulation of dismissal was effective without any court order. See Civ. R. 41(A)(1). Therefore, there was nothing within the court's power to clarify or correct. In any event, the court could not substantively change the entry, as it tried to do here. *Page 1