OPINION
{¶ 1} Plaintiffs-appellants, Welsh Development Company, Inc., Daniel and Angela Proeschel, Robert and Mary Proeschel, Jeraldine Hoffer (c/o Karl Hoffer), and Karl Hoffer, appeal the decision of the Warren County Court of Common Pleas dismissing all but three of their claims against defendant-appellee, Warren County Regional Planning Commission.
 {¶ 2} After appellee denied approval of one preliminary plat and conditionally approved the other plat for two phases of appellants' proposed residential subdivision, *Page 2 
appellants filed with the trial court two separate, but later consolidated, administrative appeals with several declaratory judgment and constitutional claims against appellee. Appellee filed a motion to dismiss the appeals, and the magistrate issued a decision on May 10, 2007, determining appellants failed to properly perfect the administrative appeals and dismissing them for want of subject matter jurisdiction. The magistrate also dismissed appellants' remaining claims, except for Counts 7 and 10 in one case and Count 9 in the other, due to appellants' failure to exhaust their administrative remedies.
 {¶ 3} On November 21, 2007, the trial court adopted the magistrate's decision, overruling the parties' objections. The trial court did not incorporate the Civ. R. 54(B) language in its entry, as there remained three pending claims between the parties.
 {¶ 4} On January 31, 2008, appellants filed a "notice of voluntary dismissal without prejudice," dismissing the remaining claims pursuant to Civ. R. 41(A). Following that voluntary dismissal, appellants filed a notice of appeal with this court.
 {¶ 5} On May 9, 2008, appellee filed with this court a motion to dismiss appellants' appeal for want of a final, appealable order, arguing appellants could not use Civ. R. 41(A) to perfect an appeal to this court.
 {¶ 6} On May 19, 2008, appellants made two filings, one with this court and one with the trial court. Appellants argued to this court that their use of Civ. R. 41(A) to perfect the appeal was proper, citingPattison v. W.W. Grainger, Inc., Cuyahoga App. No. 88556,2007-Ohio-3081, certified conflict noted and appeal accepted,115 Ohio St.3d 1406, 2007-Ohio-4884, then pending before the Ohio Supreme Court on a certified conflict. Appellants also moved the trial court to amend its November 2007 entry, or in the alternative, dismiss the remaining counts without prejudice and argued that the trial court could either declare the original entry a final appealable order or dismiss the remaining counts on its own accord so as to moot appellee's argument in this court. *Page 3 
 {¶ 7} On September 5, 2008, the trial court filed an entry, ruling on appellants' motion. The trial court declined to add the Civ. R. 54(B) language to the original November 2007 entry, finding it was "not technically a final appealable order," but instead construed appellants' motion as one to amend the complaint, "in effect abolishing the remaining claims" against appellee.
 {¶ 8} This court, in an entry dated September 23, 2008, denied appellee's motion to dismiss the appeal. For the reasons set forth below, we hereby vacate our previous order and dismiss this case for lack of a final, appealable order.
THE USE OF CIV.R. 41(A) TO CREATE A FINAL APPEALABLE ORDER
 {¶ 9} Following this court's September 2008 order denying appellee's motion to dismiss the appeal, the Ohio Supreme Court issued its decision in Pattison. The supreme court, in reversing the Eighth Appellate District, held "that when a plaintiff has asserted multiple claims against one defendant, and some of those claims have been ruled upon but not converted into a final order through Civ. R. 54(B), the plaintiff may not create a final order by voluntarily dismissing pursuant to Civ. R. 41(A) the remaining claims against the same defendant." Pattison v. W.W.Grainger, Inc., 120 Ohio St.3d 142, 2008-Ohio-5276, at ¶ 1. In doing so, the court emphasized that Civ. R. 41(A)(1) expressly states the rule can only be used to dismiss "all claims" against a single defendant. Id. at ¶ 18.
 {¶ 10} Pursuant to this ruling, appellants' use of Civ. R. 41(A) was improper, and appellants have no final appealable order from which to appeal. This court considers appellants' attempt to dismiss the remaining claims pursuant to Civ. R. 41(A) to be a nullity, thereby leaving said claims unadjudicated. Kildow v. Home TownImprovements, Muskingum App. No. CT2001-0057, 2002-Ohio-3824,Borchers v. Winzeler Excavating Co. (Apr. 10, 1992), Montgomery App. No. 13297, 1992 WL 82681. *Page 4 
 THE TRIAL COURT'S SEPTEMBER 2008 ENTRY {¶ 11} After appellants filed their notice of appeal to this court, the trial court lost its jurisdiction to proceed in any way that would interfere with an appellate court's ability to review and affirm, reverse, vacate or modify the judgment of the court below, even if the trial court believed the notice of appeal was improperly filed.Daolia v. Franciscan Health System, 79 Ohio St.3d 98, 1997-Ohio-402;In re S.J., 106 Ohio St.3d 11, 2005-Ohio-3215, at ¶ 11. It is clear the trial court did not have jurisdiction to consider appellants' motion, as the purpose of the motion was to moot appellee's argument in this court and "remove any doubt as to the immediate appealability of the [original] Entry," and the trial court, in its entry, determined the original entry from which appellants appealed was "technically not a final appealable order." The issues involved are directly related to the authority of this court to review the judgment below.
 {¶ 12} Furthermore, the trial court's subsequent attempt to construe appellants' motion as one to amend the complaint was improper; the claims had already been dismissed pursuant to Civ. R. 41(A). We therefore consider the trial court's attempt to correct appellants' errors in perfecting its appeal to this court a nullity, again leaving the remaining claims between the parties unadjudicated.
 {¶ 13} We hereby vacate our previous September 23, 2008 order denying appellee's motion to dismiss the appeal and dismiss the appeal for lack of a final appealable order.
WALSH, P.J., and POWELL, J., concur. *Page 1